**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LAVERNA SIMMS,<br>　　　　　　Plaintiff,<br>　　v.<br>DISTRICT OF COLUMBIA, *et. al.*<br>　　　　　　Defendants. | Case No. 06-02178 (RCL) |

### **DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT**

Defendants District of Columbia and D.C. Department of Corrections ("DOC"), by and through undersigned counsel, respectfully request that the default, entered by the Court herein on May 18, 2007, be set aside. Such relief is requested pursuant to Fed. R. Civ. P. 55(c). A Memorandum of Points and Authorities in Support of this Motion is attached hereto and incorporated by reference herein.

Defense counsel contacted plaintiff's counsel, Joann P. Myles, Esquire, via telephone, on May 31, 2007, to obtain plaintiffs' consent to the relief requested herein. Plaintiff's counsel has not returned the telephone call.

Dated: June 1, 2007.　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　LINDA SINGER
　　　　　　　　　　　　　　　　　　　　Attorney General for the
　　　　　　　　　　　　　　　　　　　　District of Columbia

　　　　　　　　　　　　　　　　　　　　GEORGE C. VALENTINE
　　　　　　　　　　　　　　　　　　　　Deputy Attorney General
　　　　　　　　　　　　　　　　　　　　Civil Litigation Division

　　　　　　　　　　　　　　　　　　　　　　/s/Nicole Lynch
　　　　　　　　　　　　　　　　　　　　NICOLE L. LYNCH [471953]
　　　　　　　　　　　　　　　　　　　　Section Chief
　　　　　　　　　　　　　　　　　　　　General Litigation § II

　　　　　　　　　　　　　　　　　　　　　　/s/Toni Michelle Jackson
　　　　　　　　　　　　　　　　　　　　TONI M. JACKSON (453765)
　　　　　　　　　　　　　　　　　　　　Assistant Attorney General

441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6602
Fax: (202) 727-3625
E-Mail: toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2007, I caused the foregoing DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

**Jo Ann Myles, Esquire
LAW OFFICES OF JO ANN MYLES
1300 Mercantile Lane, Suite 139-S
Largo, MD 20774**

____/s/Toni Michelle Jackson_____
TONI MICHELLE JACKSON
Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LAVERNA SIMMS,
              Plaintiff,

v.

DISTRICT OF COLUMBIA, *et. al.*    Case No. 06-02178 (RCL)

              Defendants.

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO SET ASIDE DEFAULT**

Good cause exists to set aside the default against defendant District of Columbia and D.C. Department of Corrections ("DOC") because:

1. Defendants timely filed a Motion for an Extension of Time to File a Responsive Pleading on May 21, 2007;

2. There are meritorious defenses against plaintiff's claims; and

3. There is no prejudice to plaintiff, defendants having moved immediately to set aside the default upon learning of the default.

I.    **FACTUAL BACKGROUND:**

Plaintiff filed suit on December 21, 2006, alleging that she was sexually harassed and subjected to a hostile work environment at the D.C. Jail. *See* Complaint, *et. seq.* Specifically, the plaintiff alleges that a DOC employee sexually harassed her and created, among other things, a hostile work environment. *Id.* The District received the Amended Complaint on May 4, 2007, which was entered on the docket on May 8, 2007. Assuming that such service was proper, Defendants' response to the Amended Complaint was due on May 21, 2007. On May 18, 2007, undersigned counsel telephoned plaintiff's counsel to request an extension of time to file a responsive pleading. Plaintiff's counsel never returned the telephone call. Defendants timely filed

3

a Motion for an Extension of Time to File a Responsive Pleading on May 21, 2007. (*See* Docket #11.).

Based upon the following, defendants now move to set aside the default, entered on May 18, 2007.

## II.  ARGUMENT:

### A.  Good Cause Exists for Vacatur

Good cause exists for vacatur of the default judgment as the plaintiff's motion was premature, the deadline for the defendants' response to the amended complaint had not expired, and the defendants' timely filed a motion to extend time to respond.

Rule 55(c) of the Federal Rules of Civil Procedure permits this Court to set aside an "entry of default" upon a showing of "good cause." It is long settled that Fed. R. Civ. P. 55(c) should be given a liberal construction. *E.g.*, *Barber v. Turberville*, 218 F.2d 34, 36 (D.C. Cir. 1954); *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969); *Consolidated Gas & Equipment Co. v. Carver*, 257 F.2d 111, 114-15 (10th Cir. 1958). Any doubts as to whether relief should be granted from a default–*i.e.*, whether the default should be vacated–are to be resolved in favor of granting such relief. *E.g.*, *Tolson v. Hodge*, 411 F.2d at 130.

As this Court has stated, "[i]n deciding whether to set aside a default or default judgment, the record must be construed in the light most favorable to the moving party." *Asia N.A.M. Eastbound Rate Agreement v. BJI Industries, Inc.*, 900 F. Supp. 507, 511 (D.D.C. 1995), *supplemented on other gds.*, 923 F. Supp. 4 (D.D.C. 1996), *citing Jackson v. Beech*, 636 F.2d 831 (D.C. Cir. 1980). This is in keeping with the "judicial preference for adjudication on the merits." *Oberstar v. Federal Deposit Insurance*

*Corp.*, 987 F.2d 494, 504 (8th Cir. 1993).  *See also Asia N.A.M. Eastbound Rate Agreement v. BJI Industries, Inc.*, 900 F. Supp. at 510.  Moreover, where there is a failure to specifically file a response to the complaint at an earlier date, this failing is not to be attributed to the client and the client is not to be penalized by a default or default judgment if any such failing was not the fault of the client. *Jackson v. Beech*, 636 F.2d at 831; *Barber v. Turberville*, 218 F.2d at 36.

In this case, defendants timely filed a motion for an enlargement of time to respond to plaintiff's Amended Complaint.  Plaintiff served her Amended Complaint on May 4, 2007, which was entered on the docket on May 8, 2007.  Therefore, defendants had until May 21, 2007 to respond.  *See* Fed. R.Civ.P. 15(a), 6(e) and 5(b)(2)(D).  As such, plaintiff's motion for entry of default on May 15, 2007, and modified on May 18th, was premature.  In addition, undersigned counsel alerted plaintiff's counsel by voice mail on May 18, 2007, before the deadline, that the defendants were requesting an extension.

      B.    **<u>Good Cause Exists Because the Defendants have Meritorious Defenses</u>**

The Court should also set aside the default because the defendants have meritorious defenses against plaintiff's claims.  A motion to vacate a default must demonstrate that there is a meritorious defense. *E.g.*, *Berthelsen v. Kane*, 907 F.2d 617, 620-21 (6th Cir. 1990); *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 946 (9th Cir. 1986).  This means no more than that DOC demonstrate that it has a legal and/or factual position that might prevail at trial. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988); *Coon v. Grenier*, 867 F.2d

73, 76 (1st Cir. 1989); *INVEST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 399 (6th Cir. 1987), *cert. denied*, 484 U.S. 927 (1988).

As this Court has phrased it, a "party's allegations are meritorious if they contain 'even a hint of a suggestion' which, if proven, would constitute a complete defense." *Asia N.A.M. Eastbound Rate Agreement v. BJI Industries, Inc.*, 900 F. Supp. at 511, *quoting Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980). "Even broad and conclusory allegations are sufficient to meet the meritorious defense criterion." *Id.* Of course, as noted above, the record must be viewed in the light most favorable to the moving party. *Asia N.A.M. Eastbound Rate Agreement v. BJI Industries, Inc.*, 900 F. Supp. at 511.

The "meritorious defense" standard is amply met in this case. Among DOC's meritorious defenses is the fact that the District of Columbia Department of Corrections is a *non sui juris* entity. Public bodies have only such powers as are conferred on them by statute. The Department of Corrections is not specifically granted the power to sue or be sued. Accordingly, DOC is not subject to suit. *Blackmar v. Guerre*, 342 U.S. 512 (1952); *Hinton v. Metropolitan Police Department*, 726 F. Supp. 875 (D.D.C. 1989); *Braxton v. National Capital Housing Auth.*, 396 A.2d 215, 216-217 (D.C. 1978); *Gallion v. Ackerman*, No. 99-0136 (RMU), slip op. at 4-5 (D.D.C. Dec. 20, 1999) (copy attached hereto). Because DOC is *non sui juris*, service of this case on its Director is improper service under Fed. R. Civ. P. 4(j). *See Gallion v. Ackerman, supra*, slip op. at 3-5. Therefore, the default entered against DOC should be vacated because there is a failure to properly bring before the Court a suable entity.

In addition, it is evident from the face of the Amended Complaint that plaintiff's claims under the 8th Amendment and Fifth Amendment of the U.S. Constitution are inapplicable. Plaintiff has failed to comply with D.C. Code 12-309, and has also failed to comply with the statutory limitations period under Title VII.

### C. Good Cause Exists Because Plaintiff Failed to Wait for the Deadline to Respond to Expire.

Moreover, the default should be vacated because there has been no prejudice to plaintiff. The defendants timely filed a Motion for an Extension of Time to File a Responsive Pleading on May 21, 2007, the day a responsive pleading was due under the Rules of Civil Procedure. *See* Fed. R.Civ.P. 15(a), 6(e) and 5(b)(2)(D). Therefore, the Court should vacate the default because plaintiff would not be prejudiced by the vacatur.

### III. CONCLUSION:

Based on the foregoing, and in order to reach a just resolution in the case at bar, defendants respectfully request that this Court vacate the Default, entered on May 18, 2007.

Dated: June 1, 2007.                    Respectfully Submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/Nicole Lynch_____
NICOLE L. LYNCH [471953]
Section Chief
General Litigation § II

          ___/s/Toni Michelle Jackson___
          TONI M. JACKSON (453765)
          Assistant Attorney General
          441 4th Street, NW, 6th Floor South
          Washington, DC 20001
          (202) 724-6602
          Fax:  (202) 727-3625
          E-Mail:  toni.jackson@dc.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LAVERNA SIMMS,<br>                    Plaintiff,<br>         v.<br>DISTRICT OF COLUMBIA, *et. al.*<br>                    Defendants. | Case No. 06-02178 (RCL) |

## ORDER

Upon consideration of the Defendants' Motion to Set Aside Entry of Default, the memorandum of points and authorities in support thereof, any opposition thereto, and the record herein, it is, by this Court this _____ day of _____, 2007;

ORDERED that the Defendants' Motion to Set Aside Entry of Default, shall be and the same is hereby **GRANTED**.

_____
JUDGE ROYCE C. LAMBERTH
U.S. District Court for the District of Columbia