**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

---

LAVERNA SIMMS,                          *

      Plaintiff,                        *

      v.                                *          Civil Action No. 06CV02178

                                     Judge Royce C. Lamberth

DISTRICT OF COLUMBIA ET.AL.              *

                                    Response Due: June 14, 2007

      Defendants.                      *

---*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS
MOTION TO SET ASIDE ORDER OF DEFAULT**

The undersigned counsel, on behalf of Plaintiff, Laverna Simms, hereby opposes the Defendants, the District of Columbia (DC) and the Director of the District of Columbia Department of Corrections, In His Official Capacity("DOC") because:

1.    The Defendants failed to timely file a Motion To Set Aside the Order of Default.

2.    The Defendants failed to timely file a Motion For An Extension of Time to File a Responsive Pleading.

3.    There are no meritorious defenses against plaintiff's claims and Defendants cited none in their motion.

4.      There would be extreme prejudice and harm to the Plaintiff if the Court were to set aside the Order of defaults. Specifically, the Plaintiff would be prevented from fully and adequately presenting and defending her claims.

5.      Nor did Ms. Toni Jackson, the Assistant Attorney General contact the undersigned for her consent prior to filing the motion to set aside the default.

6.      More importantly, the Defendants' motion is based upon factual misstatements and misapplication of the law.

## I.      PRELIMNARY STATEMENT

This Court entered an Order of Default against the Defendants namely, the District of Columbia, The Director of District of Columbia Department of Corrections, In His Official Capacity, and the Center for Correctional Health and Policy Studies (CCHPS), upon the Plaintiff's Amended Complaint because each failed to respond on or by May 14, 2007, as required by the Federal Rules of Civil Procedure. Before entering an Order of default against the parties this Court's clerk reviewed the Plaintiff's request for entry of default, the applicable rules and counted the time in which the defendants had to respond in accordance with rules. If the Court Clerk had found that a responsive pleading or answer had not been overdue, she would not have entered an Order of Default against the Defendants. To the contrary, in accordance to the rules the defendants failed to plead or file an answer on May 14 and 15, when their answers were due.

The record shows and it is undisputed that Ms. Simms filed her lawsuit on December 21, 2006. It also shows that on April 18, 2007, the District of Columbia

government was served with Ms. Simms' original complaint.[1] The DC government's response was due May 8, 2007.  On April 19, 2007, both the Director of the DOC and Attorney General were served with Ms. Simms' original complaint filed in this matter.[2] The Director of the DOC's response was due May 9, 2007. However, Ms. Simms on May 4, 2007, simultaneously  filed and served an Amended Complaint on the DC government, the Director of the DOC and Linda Singer Attorney General for the District of Columbia pursuant to Fed. R. Civ. Proc. 15 (a) Amendments.[3]

Pursuant to Fed. R. of Civ. Proc. 15(a) any party that has been served with an Amended pleading (complaint) within the time frame remaining for a response to the original pleading "…shall respond to the Amended pleading within the time remaining for response to the original response or within 10 days after service of the amended pleading.

In the case at bar, the DC government was served April 18, 2007, with the original pleading (complaint). Its response was due originally on May 8, 2007.  After

---

[1] On April 18, 2007, Ms. Tabatha Braxton employee in the office of Mayor Fenty signed as the District of Columbia government agent who had the authority to accept and sign for service on behalf of Mayor Adrian Fenty. See Docket entry Numbers 1-6, Ms. Tabatha Braxton's signature is  affixed to the Certificate of Service form the Mayor's Office. There is also a sworn affidavit from the process server swearing under the penalty of perjury that he served Ms. Tabatha Braxton on behalf of the District of Columbia government. Plaintiff would ask that the court take judicial notice that Tabatha Braxton has routinely signed for service for the Mayor of the District of Columbia, e.g. the District of Columbia government.

[2] Specifically, the record shows that DOC was served on April 19, 2007, the employee signing as having authority to accept service for the DOC was Darlene Fields. See Docket entries 3-6. On April 19, 2007, Carol E. Burroughs signed for the Attorney General Linda Springer. See Docket Entries No.3-6

[3] Rule 15(a) provides that "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served…,the party may so amend it at any time within 20 days after it is served.

being served on May 4, 2007, there was only four (4) days remaining for a response on the original response, therefore the DC government had actually 10 days to respond from the time it was served, namely it had to file a response by May 14, 2007, and it failed to do so.[4] The Director of the DOC was served on April 19, 2007 with Ms. Simms' original complaint. The Director of the DOC was served on May 4, 2007, with Simms' Amended Complaint, wherefore it too had 10 days from May 4, 2007, to respond, which was also May 14, 2007. The record is clear that neither the DC government nor the Director of the DOC filed a response by May 14, 2007 to Simms' complaint.

The Defendants have not cited and nor can they cite any rule that supports their contention that they had until May 21, 2007, in which to respond to Simms' Amended Complaint. Moreover, as many cases in which the DC government and the Director of the DOC have been sued, the Attorney General's Office cannot allege that it does not know the Federal Rules of Civil Procedure or the law on service of process or who can be sued in the District of Columbia government.

What is patently clear is that the defendants, the DC government and the Director of the DOC 's Motion to Extend Time was not timely.[5] Their Motion To Extend Time is has no force or effect until the Court sets aside the Order of Default and then grants the motion. As long as the Order of Default is in place, defendants could not file a motion for

---

[4] Either the Attorney General Office does not know the rules or it is trying to put one over on the court. Nonetheless the Attorney General's office is being disingenuous with this court by not admitting to being served on Simms' Original Complaint and by not applying or misapplying Fed. R. Civ. Proc. 15(a)

[5] Defendants claim that they timely filed a Motion To Extend Time is incorrect. Defendants claim that it had until May 21, 2007, to file a responsive pleading is also incorrect.

an extension of time or file a motion to dismiss or in the alternative motion for summary judgment.

Additionally and respectfully, Plaintiff also addresses the correctness and the appropriateness of naming the Director of the Department of Corrections in his official capacity as the Defendant in this matter, to the extent that there is any realistic dispute or controversy on this issue.

## II.    FACTUAL BACKGROUND

Plaintiff LaVerna Simms was employed and/or worked for the District of Columbia government at the DOC from 1996 until her position was eliminated on September 30, 2006, after she had filed discrimination complaints both in the workplace and at the Equal Employment Opportunity Commission (EEOC). On December 21, 2006, Ms. Simms filed discrimination, sexual harassment, hostile work environment and pendent state claims against the defendants. Ms. Simms had filed in 2005 a timely EEOC complaint however the EEOC never reviewed or investigated her complaint until 2006. Only recently has Ms. Simms received her "Right To Sue Letter".

On April 18, 2007, the DC government was properly served with Ms. Simms' original Complaint. On May 4, 2007, the DC government was properly served with Ms. Simms' Amended complaint. On Friday, May 18, 2007, the Assistant Attorney General Toni M. Jackson called the undersigned's office, however, the undersigned counsel was

not in her office when the call was received.[6] The undersigned counsel attempted to

return   Ms. Jackson's call on Monday, May 21, 2007, however she had already filed a

motion for an extension of time with the Court. Nonetheless, the undersigned counsel

would not have been able to consent to such a motion since the defendants were in

default.

### III.    ARGUMENT

### A.    Good Cause Does Not Exist For Vacating The Order of Default.

The Defendants in this matter have put forth several arguments before this court

as to why the Order of Default should be set aside. They have presented the following

reasons to this Court as to why the Order of default should be set aside of which none

have any merit:

(1)    That the plaintiff's motion was premature.-The Request For Default was

not premature. The Defendants failed to file an answer by the May 14, and 15, 2007,

answer and/or response on dates due. See Docket Entries nos. 3, 4 and 5.

(2)    That the deadline for the defendants' to file an answer or response to the

amended complaint had not expired, and the defendants' timely filed a motion to extend

time to respond" on May 21, 2007. Def. Brf. Page 4, para 2  The defendants' motion for

an extension of time was untimely and was improper because they were in default. See

---

[6] The Defendants counsel did not leave any voice message for the undersigned counsel on
May 18, 2007. When Plaintiff's Counsel returned to her office well after 5:00 p.m. on
Friday, May 18, 2007, she received a message slipped under her door that Ms. Jackson
had called. It was too late to return a call.

Docket No. 9 and 10 Again the DC government was required to respond by May 14, 2007 and the DOC was required to respond by May 14, 2007 and failed to respond. Both defendants were procedurally required to first file a motion to set aside the Order of Default and then move for an extension of time. In this matter the Defendants failed to comply with the federal or local rules of procedure.

(3)    That allegedly the District of Columbia Department of Corrections cannot be sued.[7]  This argument has no merit as Simms did not sue the DOC she sued the Director of the DOC in his/her Official Capacity, which is permitted by law. Monell v. NY. Dep't of Social Svcs., 436 U.S. 658, 690 n55, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978) ; Kentucky v. Graham, 473, U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985); Gasser v. Ramsey, 125 F. Supp.2d 1, 1 (D.C.C. 2000); Griffith v. Ramsey, Civ. No 06-1223 (HHK), 2006 WL 2405055 (D.D.C. 2006).

(4)    That allegedly the defendants have meritorious defenses but then cite no meritorious defenses in its motions bust just makes a bald allegation that there are meritorious defenses. Simms cannot defend or respond against simply bald allegations of Counsel without facts, evidence and law. The Court should not accept the arguments of Counsel as being evidence of their being a meritorious defense. Under the federal rules the defendants must set forth sufficient facts and law to this court that they have

---

[7] The Court is asked to take judicial notice that the Director of the DOC in his/or her Official Capacity was sued. The DOC as an entity was not sued. See Docket Entries 1 and 7. At all times relevant the Plaintiff sued the Director of the DOC in his/her official capacity, which is permitted by law. Monell v. Ny. Dep't of Social Svcs., 436 U.S. 658, 690 n55, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978) ; Kentucky v. Graham, 473, U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985); Gasser v. Ramsey, 125 F. Supp.2d 1, 1 (D.C.C. 2000); Griffith v. Ramsey, Civ. No 06-1223 (HHK), 2006 WL 2405055 (D.D.C. 2006).

meritorious defenses and they failed to do that in this motion to set aside the order of default.

**B.      Service of Process Was Effective on Defendants.**

All evidence in the record shows that defendants the DC government and the Director of the DOC were properly served twice in 2007. See Docket entries 1-6.

**C.      Law Allows Suit To Be Brought Against Official In His Official Capacity**

It is correct that the Department of Corrections as a government agency cannot be sued in its own right. Hinton v. Metro, Police Dept, 726 F. Supp. 875, 875 (D.D.C. 1989) ( court held that a suit may not be brought only against the police department)  In Robertson v. D.C. Bd. Of Higher Ed., 359 A.2d 28, 31 n4 (D.C. 1976) the court hold that the board members could not be sued.

However in this case before the court the Plaintiff Simms has not sued the DOC she has sued the Director of the DOC in his/her Official Capacity. Simms can bring a case against the Director of DOC in his/her Official Capacity.

**D.      Plaintiffs' Claims under the 8th and  5th Amendments Are Applicable.**

Defendants make once again simply bald allegations that the 8th and 5th Amendments of the U.S. Constitution. Plaintiff cannot address or defend against this claim or alleged meritorious defense because the Defendants have cited no law or facts. The burden is on the defendants to persuade this case that this is a valid and meritorious defense.

**E.    Plaintiff Complied with the D.C. Code 12-309. Defendants Have Provided Perjured Testimony and Affidavits Before This Court.**

Defendants have also committed perjury before this court my making false claims before this court that allegedly the D.C. government had no notice of Simms' District of Columbia claims. Simms is not required to provide notice of her federal claims. However, the record is replete with evidence that at all times relevant the D.C. government had proper notice under D.C. Code 12-309 of her state and federal claims. See Exs. 1-5

Specifically, the record shows the following:

1.    On March 18, 2005, Mayor Anthony Williams was served with Notice of Claims in a letter from Counsel and the 500 page binder of the OSI's investigation. See Ex. 1 The Court should note that documents sent  weighed over 5.0 lbs. The Fed Ex receipt shows that a Ms. T. Braxton in the Mayor's Office signed for the notice. See Ex. 1

2.    On May 26, 2005, Robert J. Spagnoletti, the Attorney General for the District of Columbia was served with a second notice of claims. See Ex. 2. In the letter to Spagnoletti, the undersigned counsel identifies the log in number for the March 17, 2005 notice sent to the Mayor, namely IQ#439127.

3.    On August 9, 2006, the defendants received notice of Simms' continuing claims against them. See Ex. 3 The D.C. government signed for the third Notice of Claims letter which was sent by certified mail.[8]

---

[8] Originally the undersigned was going to send the notice by priority mail but changed her mind after she was at the U.S. Post Office.

4.    On August 9, 2006, the undersigned sent the same letter and notice to the D.C. government that she sent on August 8, 2006. the D.C. government signed for that letter on August 10, 2006. See Ex. 4.

5.    On September 25, 2006, the EEO Officer Mr. Staten fro the DOC received a letter from the undersigned once again complaining of Correctional Officer Harcourt Masi intimidating and threatening Ms. Simms. Ex. 5 The letter also evidences that the D.C. government and the DOC had subpoenaed Ms. Simms in the OEA appeal that Masi had taken against the government. Ms. Simms was the defendants' key witness. Simms did not voluntarily testify in that matter, which was heard in or about February of 2007.

Moreover, there is no statue of limitations issue since Masi continued his sexual harassment of Ms. Simms up and until the day she was forced out of the DOC on September 30, 2006. See Ex. 5

## IV.    CONCLUSION

WHEREFORE, plaintiff prays that this Court deny the Defendants Motion to Set Aside the Orders of default. The District of Columbia, the District of Columbia and the Director of the Department of Corrections and the Center for Correctional Health and Policy Studies all had proper notice of this claim and complaint. The defendants have not produced one scintilla of evidence or facts that should persuade this court that it has a meritorious claim and/or defenses to set aside the Orders of Default. Nor should the defendants be rewarded for submitting perjured affidavits and/or documents before this court with false claims that they had no notice of Simms' Claims, when it clear that it has

proper notice of Simms state claims. Simms had no obligation to give defendants notice

of her Federal claims.


Respectfully submitted,


_____ /s/_____
Jo Ann P. Myles
Law Office of Jo Ann P. Myles
1300 Mercantile Lane
Suite 139-S
Largo, Maryland 20774
301-773-9652 (Office)
301-925-4070 (Fax)
Bar. No. 04412

Attorney for Plaintiff Laverna Simms


**Dated: May 14, 2007**

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 14th day of May 2007, the following Request For entry of Default Judgment was served upon the following defendants by efiling in the U.S. District Court for the District of Columbia to:

District of Columbia
Serve: Mayor Adrian Fenty
And or his representative
1350 Pennsylvania Avenue N.W.
Suite 419
Washington, D.C. 20004

Center for Correctional Health and
Policies and Studies
Serve Resident Agent:
CT Corporation Systems
1015 15th Street N.W.
Washington, D.C. 20005

Director of District of Columbia
And/or his representative
Department of Corrections
1923 Vermont Avenue
Washington, D.C. 20001

Linda Singer, Esquire
Attorney General
For The District of Columbia
441 4th Street N.W.
6th Floor, Suite 600
Washington, D.C. 20001

_____/s/_____
Jo Ann P. Myles

# EXHIBIT 1

FedEx Express                    U.S. Mail: PO Box 727
Customer Support Trace           Memphis, TN 38194-4643
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116                Telephone: 901-369-3600

05/07/2005

Dear Customer:

Here is the proof of delivery for the shipment with tracking number **850484312333**. Our records reflect the
following information.

Delivery Information:

**Signed for by:** T.BRAXTON

**Delivery Date:** Mar 17, 2005 12:45

Shipping Information:

**Tracking number:** 850484312333          **Ship Date:** Mar 16, 2005
                                           **Weight:** 5.0 lbs.

If you are the shipper, recipient, or third-party payor for this shipment and require additional
Signature Proof of Delivery information, please log-in using your My FedEx login ID.
**Recipient:**                             **Shipper:**
US                                         LAR US

Thank you for choosing FedEx Express. We look forward to working with you in the future.

FedEx Worldwide Customer Service
1-800-Go-FedEx®

Case 1:06-cv-02178-RCL     Document 17-2     Filed 06/14/2007     Page 3 of 7

Search

Track Shipments
Detailed Results

| Tracking number | 850484312333 | Delivered to | Receptionist/Front Desk |
|---|---|---|---|
| Signed for by | T.BRAXTON | Service type | Priority Box |
| Ship date | Mar 16, 2005 | Weight | 5.0 lbs. |
| Delivery date | Mar 17, 2005 12:45 PM | | |
| Status | Delivered | | |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Mar 17, 2005 | 12:45 PM | **Delivered** | | |
| | 12:37 PM | Delivery exception | WASHINGTON, DC | Customer not available or business closed |
| | 9:50 AM | Delivery exception | WASHINGTON, DC | Recipient location security delay. Delivery will be reattempted. |
| | 8:05 AM | On FedEx vehicle for delivery | WASHINGTON, DC | |
| | 7:21 AM | At local FedEx facility | WASHINGTON, DC | |
| | 5:58 AM | At dest sort facility | DULLES, VA | |
| Mar 16, 2005 | 8:41 PM | Left origin | CROFTON, MD | |
| | 6:56 PM | Picked up | CROFTON, MD | |

Signature proof          Track more shipments

Email your detailed tracking results (optional)

Enter your email, submit up to three email addresses (separated by commas), add your message (optional), and click **Send email**.

From

To

Add a message to this email.

Send email

This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995-2005 FedEx

Law Offices of
# JO ANN P. MYLES
Office 301-773-9652

1300 Mercantile Lane
Suite 139-S
Largo, Maryland 20774

Fax 301-925-4070

## CONFIDENTIAL SETTLEMENT NEGOTIATIONS

**Federal Express**
#850484312333

March 16, 2005

Honorable Mayor Anthony A. Williams
Office of the Mayor
C/O Cheryl Hobbs-Newman
Office of the Secretary
District of Columbia Government
John A. Wilson Building
1350 Pennsylvania Avenue N.W.
Washington, D.C. 20004

### Re: Sexual Harassment Complaint of Contractor LaVerna Simms
### Simms v. District of Columbia and DCDC

Dear Mayor Williams:

Please be advised that the undersigned legal Counsel, Jo Ann P. Myles, Law Office of Jo Ann P. Myles and Anne J.A. Gbenjo, The Gbenjo Law Group represent LaVerna Simms. On behalf of Ms. Simms we are giving the District of Columbia notice that Ms. Simms has a Federal Claim, pursuant to 42 U.S.C. Sec. 1981, 1983 and other federal laws protecting government contractors being subjected to sexual harassment for six years by male employees employed by the District of Columbia, District of Columbia Department of Corrections ("DCDC"). In order to resolve this matter prior to filing a lawsuit in court and informing the Honorable Judge Royce Lamberth that DCDC has violated its consent agreement in the class action matter of Bessey Neal et.al., the undersigned Counsel are demanding $4.5 million dollars on behalf of Ms. Simms to resolve this matter and attorney fees.

### Special Inspector of the District of Columbia
### Department of Corrections' Findings

In 1999 the District of Columbia and DCDC were court ordered in the Class Action matter of *Bessye Neal, et.al. v. Director D.C. Department of Corrections, et. al.* Civil Action 93-2420 (RCL) to establish a Special Inspector office to investigate all

Page 2
Mayor Anthony A. Williams
Simms v. D.C. et. al.
March 16, 2005

sexual harassment complaints at the District of Columbia Department of Corrections. On
or about July 2004, the Special Inspector (SI) after a six-month ling detailed
investigation of Ms. Simms sexual harassment complaint determined that she was being
sexually harassed *daily*. I have attached the approximately 500-page OSI investigation for
your review. Based on the evidence investigator Janet Goldstein uncovered, Special
inspector Carolyn N. Lerner made a factual finding that Ms. LaVerna Simms was in fact
sexually harassed *daily* for a period of six years, while she worked as a contractor for the
District of Columbia Department of Corrections. See July 8, 2004 letter from Lerner.
Ms. Simms is currently the Director of Outpatient Mental Health of the Department of
Corrections. See Page 2 of SI investigation. There were approximately fifteen witnesses
that were interviewed and they corroborated Ms. Simms allegations.

Although the SI's findings were favorable to Ms. Simms, the SI has no authority
to monetarily settle or award Ms. Simms damages as to her Federal sexual harassment
claims. Also, after the SI's findings some the following events took place:

- The corporal who victimized and sexually harassed Ms. Simms for six
  years was kept in his job. He had a sexual relationship with the female
  Warden;

- Following complaints about the corporal DCDC management continued to
  assign this corporal to areas supervised by Ms. Simms;

- Verbal attacks and derogatory remarks were made by this corporal's
  fellow male employees who were also of Nigerian decent;

- The Corporal began using his personal relationship with the female
  warden in order to retaliate against Ms. Simms and

- The only disciplinary action taken against this corporal was a four-month
  suspension from work and the female Warden was rewarded with a
  promotion to the position of Deputy Director of the Department of
  Corrections (DOC).

Because, the SI did not have the perpetrator and victimizer removed from the
DCDC Ms. Simms no longer feels safe or secure working in at the Department of
Corrections and is now forced to leave her position, which provides to her an annual

Page 3
Mayor Anthony A. Williams
Simms v. D.C. et. al.
March 16, 2005


salary of over $100,000, and other benefits, which have a financial value as one of the founders/owners of the Center Correctional Health and Policy Studies ("CCHP").[1] The record shows that Simms complained throughout the six (6) years that she was sexually harassed and nothing was done until the beginning of 2004.

Ms. Simms is a licensed professional counselor who began working for the receiver at the DCDC in 1997. Simms is an employee of CCHP, a corporation that contracts with the DCDC to operate health services within the DCDC Simms also is one of the twelve self-described "owner-operators" of CCHPS. Simms claims include but are not limited to allegations that MASI, a male guard and D.C. Government employee at DCDC "made overtures and comments on a daily basis for the next six to nine months following their initial meeting.[2] During the past six years, Masi sexually harasses her by repeatedly making unwanted overtures towards her. Masi's overtures allegedly included asking Simms out. Making comments on her appearance and body, seeking Simms out at work and social events, telephoning her, photographing her and grabbing her on her arm.

Additionally, Ms. Simms repeatedly complained through CCHPS and finally in December 2003 she filed a formal complaint with the Office of the Special Inspector, District of Columbia Department of Corrections, 1730 M Street, N.W. Suite 412, Washington, D.C. 20036. Investigator Janet Goldstein started and completed her investigation in June 21, 2004. Carolyn N. Lerner, Special Inspector. Probable Cause was found by Carolyn N. Lerner and Ms. Simms allegations were corroborated by 15 women employees at the DCDC (see enclosed three ring binder with the 36 page investigation and approximately 500 page investigation conducted by the Office of the Special Inspector, District of Columbia Department of Corrections. All testimony was taken under oath and

---

[1]    Ms. Simms at a minimum will be losing her health benefits, pension, 401k and matching funds, vacation, disability insurance, life insurance and sick leave. Ms. Simms is over the age of 45 and it will not be easy for her to obtain employment in the workplace after she leaves CCHP.

[2]    Ms. Simms was also harassed by other male employees at the DCDC, other than just Corporal Masi. Currently the OSI is investigating another male employee who also harassed Ms. Simms at the DCDC, which was brought ay another female staff member (employee) at the DCDC.

Page 4
Mayor Anthony A. Williams
Simms v. D.C. et. al.
March 16, 2005

## Mediation

In order to resolve Ms. Simms' claims short of filing her Federal claims in the Untied States District Court of the District of Columbia, we are proposing that the parties and their counsel amicably sit down and mediate this matter. If you are interested in mediation, then I propose that you have your Corporation Counsel contact the undersigned counsel within the next 30 days to advise us as to whether or not you are interested in resolving this matter outside of the courtroom.

If you have any questions please do not hesitate to contact the undersigned. Thank you for your prompt attention to t this matter.

Very Truly Yours,

Jo Ann P. Myles
Law Office of Jo Ann P. Myles
1300 Mercantile Lane
Suite 139-S
Largo, Maryland 20774
301-773-9652 (office )
301-925-4070 (fax)

**Lead Counsel**

for Anne J.A. Gbenjo
The Gbenjo Law Group
8449 W. Bellfort Avenue
Suite 100
Houston, Texas 77071
713-771-4775
713-771-4784 (fax)

Co-Counsel

Enclosure (Three Ring Binder-500 page SI Report)

cc: Ms. LaVerna Simms

# EXHIBIT 2

Law Offices of
# JO ANN P. MYLES
1300 Mercantile Lane
Suite 139-S
Largo, Maryland 20774

Office 301-773-9652

Fax 301-925-4070

**FED EX**
844391677983

May 26, 2005

Robert J. Spagnoletti
Attorney General for the
District of Columbia
John A Wilson Building
1350 Pennsylvania Avenue N.W.
Suite 409
Washington, D.C. 20004

Re: La Verna Simms v. DC and DCDOC
IQ#439127

Dear Mr. Spagnoletti:

Please be advised that the undersigned counsel, Jo Ann P. Myles and Anne Gbenjo represent Ms. Laverna Simms. On March 16, 2005, we forwarded to your office a letter of intent to file a sexual harassment lawsuit and many other claims against the District of Columbia and the DC Department of Corrections (DOC). Your log in number of the letter and 500 page investigative report was received by Mayor Williams' Office of the Secretary on March 17, 2005 and that office logged the matter in as IQ#439127.

In our March 16, 2005, letter we requested mediation of Ms. Simms' complaints and claims. Prior to our letter, Ms. Simms continued to be retaliated against by the DOC. Moreover, DOC negligently retained her sexual harassers, who were more than just Mr. Masi. Let this letter also serve as notice that the undersigned are contemplating another sexual harassment CLASS ACTION LAWSUIT against the District of Columbia and DOC.

I would appreciate a response to our initial letter dated March 16, 2005. Thank you for your prompt attention to this matter.

Very Truly Yours,

Jo Ann P. Myles

cc: Ann Gbenjo, Esquire

# EXHIBIT 3

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com℠

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $4.05 |
| Certified Fee | | $2.40 |
| Return Receipt Fee (Endorsement Required) | | $1.85 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $8.30 |

Sent To _The Mayor, Office Desk Manager_
Street, Apt. No.; or PO Box No. _Peter Claire, 4th St NW_
City, State, ZIP+4 _Washington D.C. 20001_

PS Form 3800, June 2002                    See Reverse for Instructions

7006 0100 0004 8148 3745

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

_The Mayor,_
_Office Desk Manager_
_Peter J. Columbalt_
_Peter Clairy, 4th St NW_
_4th Street West NW,_
_Washington D.C. 20001_

2. Article Number (Transfer from service label)

7006 0100 0004 8148 3745

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
□ Agent
□ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:      □ No

3. Service Type
□ Certified Mail    □ Express Mail
□ Registered        □ Return Receipt for Merchandise
□ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

---

```
     HAMPTON PARK FINANCE UNIT
      CAPITOL HEIGHTS, Maryland
             207919998
          1050050791 -0095
08/08/2006    (301)499-7304    08:04:12 PM

                  Sales Receipt
Product              Sale  Unit      Final
Description          Qty   Price     Price

WASHINGTON DC 20001                  $4.05
Priority Mail
 1.60 oz.
 Return Rcpt (Green Card)            $1.85
 Certified                           $2.40
 Label #:    7006010000481483745

 Issue PVI:                          $8.30

Total:                               $8.30

Paid by:
Visa                                 $8.30
  Account #:      XXXXXXXXXXXX7451
  Approval #:     032605
  Transaction #:  897
  23 902892280

Bill#: 1000502119208
Clerk: 01

All sales final on stamps and postage.
Refunds for guaranteed services only.
    Thank you for your business.
         Customer Copy
```


**UNITED STATES**
**POSTAL SERVICE** ®

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7006 0100 0004 8148 3745**
Status: **Delivered**

Your item was delivered at 5:17 pm on August 09, 2006 in
WASHINGTON, DC 20001.

*Additional Details >*     *Return to USPS.com Home >*

Track & Confirm

Enter Label/Receipt Number.

Notification Options

Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.     *Go >*

POSTAL INSPECTORS     site map   contact us   government services   jobs   **National & Premier Accounts**
Preserving the Trust                Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy


**UNITED STATES**
**POSTAL SERVICE**

<u>Home</u> | <u>Help</u>

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7006 0100 0004 8148 3745**
Detailed Results:

- **Delivered, August 09, 2006, 5:17 pm, WASHINGTON, DC 20001**
- **Arrival at Unit, August 09, 2006, 11:51 am, WASHINGTON, DC 20001**
- **Acceptance, August 08, 2006, 8:02 pm, CAPITOL HEIGHTS, MD 20791**

*< Back*                    *Return to USPS.com Home >*

Track & Confirm

Enter Label/Receipt Number.

### Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.    *Go >*


POSTAL INSPECTORS      site map   contact us   government services   jobs   National & Premier Accounts
Preserving the Trust        Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

Law Offices of

# JO ANN P. MYLES

Office 301-773-9652

1300 Mercantile Lane
Suite 139-S
Largo, Maryland 20774

Fax 301-925-4070

## PRIORITY MAIL/
## COURIER/
## REGULAR MAIL

August 8, 2006

Mayor Anthony Williams
Office of Risk Management
District of Columbia Government
Attn: Claims
441 Fourth Street N.W.,Suite 800 South
Washington, D.C. 20001

### Re: Sexual Harassment Complaint of LaVerna Simms
### Notice of Intent To File Claims Against (Section 12-309, DC Official Code)
### The District of Columbia Government

#### <u>Simms v. District of Columbia</u>

Dear Mayor Williams:

Please be advised that the undersigned legal Counsel, Jo Ann P. Myles, Law Office of Jo Ann P. Myles and Anne J.A. Banjo, The Banjo Law Group represent LaVerna Simms. On behalf of Ms. Simms we are giving the District of Columbia notice that Ms. Simms has a number of state and federal claims she plans to file against the District of Columbia pertaining to her being subjected to sexual harassment and retaliation in her employment for six years by male employees employed by the District of Columbia, District of Columbia Department of Corrections ("DCDC") and most recently in March 2006 for retaliation.

### Special Inspector of the District of Columbia
### Department of Corrections' Findings

In 1999 the District of Columbia and DCDC were court ordered in the Class Action matter of *Bessye Neal, et.al. v. Director D.C. Department of Corrections, et. al.* Civil Action 93-2420 (RCL) to establish a Special Inspector office to investigate all

Page 2
Mayor Anthony A. Williams
<u>Simms v. D.C. et. al.</u>
August 8, 2006

sexual harassment complaints at the District of Columbia Department of Corrections. On or about July 1, 2004, the Special Inspector (SI) after a six-month long detailed investigation of Ms. Simms' sexual harassment complaint determined that she was being sexually harassed **daily**. You, the District of Columbia's Offices of Risk Management and the Attorney General have a copy of the approximately 500-page OSI investigation, which I sent to you last year in 2005. Based on the evidence investigator Janet Goldstein uncovered, Special inspector Carolyn N. Lerner made a factual finding that Ms. LaVerna Simms was in fact sexually harassed **daily** for a period of six years, while she worked as a contractor/employee for the District of Columbia Department of Corrections. More importantly, Ms. Simms has been subjected to retaliatory conduct by the District of Columbia Government since she has filed her complaints and she continues to be retaliated against including but not limited to the fact that the District of Columbia government has terminated Ms. Simms employment as of September 30, 2006.

Although the SI's findings were favorable to Ms. Simms, the SI has no authority to monetarily settle or award Ms. Simms damages as to her Federal sexual harassment claims. Also, after the SI's findings some the following events took place:

- The corporal who victimized and sexually harassed Ms. Simms for six years was kept in his job. He had a sexual relationship with the female Warden;

- Following complaints about the corporal DCDC management continued to assign this corporal to areas supervised by Ms. Simms;

- Verbal attacks and derogatory remarks were made by this corporal's fellow male employees who were also of Nigerian decent;

- The Corporal began using his personal relationship with the female warden in order to retaliate against Ms. Simms and

- The only disciplinary action taken against this corporal was a four-month suspension from work and the female Warden was rewarded with a promotion to the position of Deputy Director of the Department of Corrections (DC).

Page 3
Mayor Anthony A. Williams
Simms v. D.C. et. al.
August 8, 2006

The events and incidents took place at the District of Columbia Department of Corrections during the past six years of Ms. Simms employment. Ms. Simms has been injured and has suffered damages as the results of the District of Columbia's conduct including but not limited to physical and emotional assault and battery, fear, humiliation, embarrassment, degradation and emotional stress and strain. She was retaliated against by the District of Columbia government when she was terminated from her employment effective September 30, 2006. Ms. Simms' salary is over $100,000, she had health and other benefits, which have a financial value as one of the founders/owners of the Center Correctional Health and Policy Studies ("CCHP").[1] The record shows that Simms complained throughout the six (6) years that she was sexually harassed and nothing was done until the beginning of 2004.

Ms. Simms is a licensed professional counselor who began working for the receiver at the DCDC in 1997. Simms is an employee of CCHP, a corporation that contracts with the DCDC to operate health services within the DCDC Simms also is one of the twelve self-described "owner-operators" of CCHPS. Simms claims include but are not limited to allegations that Masi, a male guard and D.C. Government employee at DCDC "made overtures and comments on a daily basis for the next six to nine months following their initial meeting.[2] During the past six years, Masi sexually harasses her by repeatedly making unwanted overtures towards her. Masi's overtures included but were not limited to Masi's repeated demands to Simms for dates and sex. Masi repeatedly made comments to Ms. Simms about her appearance and body and he repeatedly sought Simms out at work and social events, telephoning her, photographing her and grabbing her on her arm.

Additionally, Ms. Simms repeatedly complained through CCHPS and the DCDC and about being sexually harassed and in December 2003 she filed a formal complaint with the Office of the Special Inspector, District of Columbia Department of Corrections, 1730 M Street, N.W. Suite 412, Washington, D.C. 20036. Investigator Janet Goldstein started and completed her investigation in June 21, 2004. Carolyn N. Lerner, Special Inspector. Probable Cause was found by Carolyn N. Lerner and Ms. Simms allegations were corroborated by 15 women employees at the DCDC ( In March of 2005, I

---

[1]     Ms. Simms at a minimum will be losing her health benefits, pension, 401k and matching funds, vacation, disability insurance, life insurance and sick leave. Ms. Simms is over the age of 45 and it will not be easy for her to obtain employment in the workplace after she leaves the DOC.

[2]     Ms. Simms was also harassed by other male employees at the DCDOC, other than just Corporal Masi.

Page 4
Mayor Anthony A. Williams
<u>Simms v. D.C. et. al.</u>
August 8, 2006

previously forwarded to you a three ring binder with the 36 page investigation summary and approximately 500 page testimony, exhibits etc. gathered as a result of the investigation conducted by the Office of the Special Inspector, District of Columbia Department of Corrections). All testimony was taken under oath.

If you have any questions please do not hesitate to contact the undersigned. Thank you for your prompt attention to t this matter.

Very Truly Yours,

Jo Ann P. Myles                                 Anne J.A. Gbenjo
Law Office of Jo Ann P. Myles                   The Gbenjo Law Group
1300 Mercantile Lane                            8449 W. Bellfort Avenue
Suite 139-S                                     Suite 100
Largo, Maryland 20774                           Houston, Texas 77071
301-773-9652 (office )                          713-771-4775
301-925-4070 (fax)                              713-771-4784 (fax)

Lead Counsel                                    Co-Counsel

cc: Mayor Williams and District of Columbia Office of Risk Management
     Ms. LaVerna Simms

# EXHIBIT 4

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ 4.05 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 8.30 |

AUG 09 2006
Postmark Here
HAMPTON PARK UNIT
CAPITOL HEIGHTS
MD-USPS-20791

7006 0100 0004 8148 3752

Sent To: *Mayor Anthony Williams*
Street, Apt No.; or PO Box No.
City, State, ZIP+4

Address: *744 Prickle NW*

PS Form 3800, June 2002          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Mayor Anthony Williams*
*Public Reich Morgan*
*District of Columbia Gov.*
*Alex Olams Suite 300*
*744 Prickle Street NW*
*Washington, D.C. 20001*

2. Article Number *(Transfer from service label)*          7006 0100 0004 8148 3752

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery  *8·10·06*

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

---

```
        HAMPTON PARK FINANCE UNIT
          CAPITOL HEIGHTS, Maryland
                 207919998
            1050050791 -0092
08/09/2006      (301)499-7304      07:58:18 PM
_____
                    Sales Receipt
Product              Sale   Unit        Final
Description          Qty    Price       Price

WASHINGTON DC 20001                     $4.05
Priority Mail
1.60 oz.
Return Rcpt (Green Card)                $1.85
Certified                               $2.40
Label #:      70060100000481483752
                                       ========
 Issue PVI:                             $8.30


 Total:                                 $8.30

 Paid by:
 Visa                                   $8.30
   Account #:        XXXXXXXXXXXX7451
   Approval #:       359938
   Transaction #:    689
   23 902892280

 Bill#: 1000802047232
 Clerk: 01

 All sales final on stamps and postage.
 Refunds for guaranteed services only.
    Thank you for your business.
          Customer Copy
```

 **UNITED STATES POSTAL SERVICE**

Home | Help

**Track & Confirm**

# Track & Confirm

## Search Results

Label/Receipt Number: 7006 0100 0004 8148 3752
Status: **Delivered**

Your item was delivered at 5:25 pm on August 10, 2006 in
WASHINGTON, DC 20001.

**Additional Details >**    **Return to USPS.com Home >**

Track & Confirm

Enter Label/Receipt Number.

Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.    **Go >**

 POSTAL INSPECTORS    site map    contact us    government services    jobs    National & Premier Accounts
Preserving the Trust    Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy


**UNITED STATES**
**POSTAL SERVICE**

Home | Help

**Track & Confirm**

# Track & Confirm

## Search Results

Label/Receipt Number: **7006 0100 0004 8148 3752**
Detailed Results:

- **Delivered, August 10, 2006, 5:25 pm, WASHINGTON, DC 20001**
- **Arrival at Unit, August 10, 2006, 12:42 pm, WASHINGTON, DC 20001**
- **Acceptance, August 09, 2006, 7:56 pm, CAPITOL HEIGHTS, MD 20791**

*< Back*                          *Return to USPS.com Home >*

Track & Confirm

Enter Label/Receipt Number.



**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   *Go >*

POSTAL INSPECTORS    site map   contact us   government services   jobs   National & Premier Accounts
Preserving the Trust             Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

Law Offices of
## JO ANN P. MYLES
1300 Mercantile Lane
Suite 139-S
Largo, Maryland 20774

Office 301-773-9652

Fax 301-925-4070

**PRIORITY MAIL/**
**COURIER/**
**REGULAR MAIL**

August 8, 2006

Mayor Anthony Williams
Office of Risk Management
District of Columbia Government
Attn: Claims
441 Fourth Street N.W.,Suite 800 South
Washington, D.C. 20001

### Re: Sexual Harassment Complaint of LaVerna Simms
### Notice of Intent To File Claims Against (Section 12-309, DC Official Code)
### The District of Columbia Government

### Simms v. District of Columbia

Dear Mayor Williams:

Please be advised that the undersigned legal Counsel, Jo Ann P. Myles, Law
Office of Jo Ann P. Myles and Anne J.A. Banjo, The Banjo Law Group represent
LaVerna Simms. On behalf of Ms. Simms we are giving the District of Columbia notice
that Ms. Simms has a number of state and federal claims she plans to file against the
District of Columbia pertaining to her being subjected to sexual harassment and
retaliation in her employment for six years by male employees employed by the District
of Columbia, District of Columbia Department of Corrections ("DCDC") and most
recently in March 2006 for retaliation.

### Special Inspector of the District of Columbia
### Department of Corrections' Findings

In 1999 the District of Columbia and DCDC were court ordered in the Class
Action matter of *Bessye Neal, et.al. v. Director D.C. Department of Corrections, et. al.*
Civil Action 93-2420 (RCL) to establish a Special Inspector office to investigate all

Page 2
Mayor Anthony A. Williams
<u>Simms v. D.C. et. al.</u>
August 8, 2006

sexual harassment complaints at the District of Columbia Department of Corrections. On
or about July 1, 2004, the Special Inspector (SI) after a six-month long detailed
investigation of Ms. Simms' sexual harassment complaint determined that she was being
sexually harassed **daily**.  You, the District of Columbia's Offices of Risk Management
and the Attorney General  have a copy of the  approximately 500-page OSI investigation,
which I sent to you last year in 2005. Based on the evidence investigator Janet Goldstein
uncovered, Special inspector Carolyn N. Lerner made a factual finding that Ms. LaVerna
Simms was in fact sexually harassed **daily** for a period of six years, while she worked as
a contractor/employee for the District of Columbia Department of Corrections. More
importantly, Ms. Simms has been subjected to retaliatory conduct by the District of
Columbia Government since she has filed her complaints and she continues to be
retaliated against including but not limited to the fact that the District of Columbia
government has terminated Ms. Simms employment as of September 30, 2006.

Although the SI's findings were favorable to Ms. Simms, the SI has no authority
to monetarily settle or award Ms. Simms damages as to her Federal sexual harassment
claims. Also, after the SI's findings some the following events took place:

- The corporal who victimized and sexually harassed Ms. Simms for six
  years was kept in his job. He had a sexual relationship with the female
  Warden;

- Following complaints about the corporal DCDC management continued to
  assign this corporal to areas supervised by Ms. Simms;

- Verbal attacks and derogatory remarks were made by this corporal's
  fellow male employees who were also of Nigerian decent;

- The Corporal began using his personal relationship with the female
  warden in order to retaliate against Ms. Simms and

- The only disciplinary action taken against this corporal was a four-month
  suspension from work and the female Warden was rewarded with a
  promotion to the position of Deputy Director of the Department of
  Corrections (DC).

Page 3
Mayor Anthony A. Williams
Simms v. D.C. et. al.
August 8, 2006

The events and incidents took place at the District of Columbia Department of Corrections during the past six years of Ms. Simms employment. Ms. Simms has been injured and has suffered damages as the results of the District of Columbia's conduct including but not limited to physical and emotional assault and battery, fear, humiliation, embarrassment, degradation and emotional stress and strain. She was retaliated against by the District of Columbia government when she was terminated from her employment effective September 30, 2006. Ms. Simms' salary is over $100,000, she had health and other benefits, which have a financial value as one of the founders/owners of the Center Correctional Health and Policy Studies ("CCHP").[1] The record shows that Simms complained throughout the six (6) years that she was sexually harassed and nothing was done until the beginning of 2004.

Ms. Simms is a licensed professional counselor who began working for the receiver at the DCDC in 1997. Simms is an employee of CCHP, a corporation that contracts with the DCDC to operate health services within the DCDC Simms also is one of the twelve self-described "owner-operators" of CCHPS. Simms claims include but are not limited to allegations that Masi, a male guard and D.C. Government employee at DCDC "made overtures and comments on a daily basis for the next six to nine months following their initial meeting.[2] During the past six years, Masi sexually harasses her by repeatedly making unwanted overtures towards her. Masi's overtures included but were not limited to Masi's repeated demands to Simms for dates and sex. Masi repeatedly made comments to Ms. Simms about her appearance and body and he repeatedly sought Simms out at work and social events, telephoning her, photographing her and grabbing her on her arm.

Additionally, Ms. Simms repeatedly complained through CCHPS and the DCDC and about being sexually harassed and in December 2003 she filed a formal complaint with the Office of the Special Inspector, District of Columbia Department of Corrections, 1730 M Street, N.W. Suite 412, Washington, D.C. 20036. Investigator Janet Goldstein started and completed her investigation in June 21, 2004. Carolyn N. Lerner, Special Inspector. Probable Cause was found by Carolyn N. Lerner and Ms. Simms allegations were corroborated by 15 women employees at the DCDC ( In March of 2005, I

---

[1]     Ms. Simms at a minimum will be losing her health benefits, pension, 401k and matching funds, vacation, disability insurance, life insurance and sick leave. Ms. Simms is over the age of 45 and it will not be easy for her to obtain employment in the workplace after she leaves the DOC.

[2]     Ms. Simms was also harassed by other male employees at the DCDOC, other than just Corporal Masi.

Page 4
Mayor Anthony A. Williams
Simms v. D.C. et. al.
August 8, 2006

previously forwarded to you a three ring binder with the 36 page investigation summary
and approximately 500 page testimony, exhibits etc. gathered as a result of the
investigation conducted by the Office of the Special Inspector, District of Columbia
Department of Corrections). All testimony was taken under oath.

     If you have any questions please do not hesitate to contact the undersigned. Thank
you for your prompt attention to t this matter.

               Very Truly Yours,

Jo Ann P. Myles
Law Office of Jo Ann P. Myles
1300 Mercantile Lane
Suite 139-S
Largo, Maryland 20774
301-773-9652 (office )
301-925-4070 (fax)

Lead Counsel

Anne J.A. Gbenjo
The Gbenjo Law Group
8449 W. Bellfort Avenue
Suite 100
Houston, Texas 77071
713-771-4775
713-771-4784 (fax)

Co-Counsel

cc: Mayor Williams and District of Columbia Office of Risk Management
    Ms. LaVerna Simms

**EXHIBIT 5**

Law Offices of

**JO ANN P. MYLES**

1300 Mercantile Lane
Suite 139-S
Largo, Maryland 20774

Office 301-773-9652

Fax 301-925-4070

September 25, 2006

**VIA FACSIMILE/MAIL**
202-673-2252

Mr. Fred Staten, Jr.
EEOC Officer
1923 Vermont Avenue N.W.
Suite NLL-10
Washington, D.C. 2001

Re:      **Harcourt Masi v. D.C. Department of Corrections**
         **OEA Matter No: 1601-0045-05**

Dear Mr. Staten:

This letter is a follow up to our last two conversations concerning the rescheduling of the hearing for Mr. Masi and the status of any investigation by your department into the concerns I raised in August 2006 on behalf of Ms. Simms that Mr. Masi was violating the "Stay Away Order".

Specifically, I advised you last week on September 19, 2006, that October 31 or November 1, 2006, were dates that I and Ms. Simms were available for Mr. Masi's hearing. Additionally, as a follow-up to our conversation in mid to late August 2006, I advised you that Ms. Simms was still being intimidated and threatened by Mr. Masi at work. I advised you that when Ms. Simms would arrive to the office, leave for lunch or leave work Mr. Masi would be standing near the entrance or exit where Ms. Simms would be entering or exiting. Mr. Masi would then stare Ms. Simms down and intimidate her with his stance, presence and stares. She explained to me that there was "Stay Away Order" in place and that Mr. Masi was in violation of the Stay Away Order. Although, this is Ms. Simms last week at the Department of Corrections she wants to ensured that Mr. Masi stays away from her during her last week at work. She has also advised me that since you and I last spoke in August 2006, Mr. Masi still stands near the entrance and exit that she must enter and/or exit and stares her down and intimidates her.

Page 2
Mr. Fred Staten, Jr.
<u>OEA Matter No: 1601-0045-05</u>
September 25, 2006


      I would like to assure Ms. Simms that Mr. Masi will not harm her, intimidate her or threaten her in any way during her last week at work. I would appreciate any assistance that you office can give in this matter to ensure that Ms. Simms is in a safe environment.

      Thank you for your prompt attention to this matter. I f you have any questions please contact me at 301-773-9652.


Very Truly Yours,

Jo Ann P. Myles


cc: Ms. LaVerna Simms