IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAVERNA SIMMS,<br>    Plaintiff,<br>  v.<br>DISTRICT OF COLUMBIA, *et. al.*<br>    Defendants. | Case No. 06-02178 (RCL) |

**DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT**

  For the reasons detailed in its Motion to Vacate and elaborated in the following Reply Brief, defendants District of Columbia ("District") and D.C. Department of Corrections ("DOC"), by and through undersigned counsel, respectfully request that the default, entered by the Court herein on May 18, 2007, be set aside. Such relief is requested pursuant to Fed. R. Civ. P. 55(c), and based on the following:

1. Defendants' Motion to Vacate the Default Judgment and Motion to Extend Time to File a Responsive Pleading were timely filed.

2. Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part:

   > Amendments. …A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

3. Rule 6(a) and (e) of the Federal Rules of Civil Procedure provide in relevant part:

   > (a) Computation. In computing any period of time prescribed or allowed be these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, ….*When the period of time prescribed or allowed is less than 11 days*,

> intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. (emphasis added).
>
> …
>
> (e) Additional Time After Service Under Rule 5(b)(2)(B), (C), or (D). Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B), (C), or (D), 3 days shall be added to the prescribed period.

4. Rule 5(b)(2)(B), (C), or (D) of the Federal Rules of Civil Procedure provide in relevant part:

   > (b)(2)(D) Delivering a copy by any other means, including electronic means, consented to in writing by the person served. …*If authorized by local rule, a party may make service under this subparagraph (D) through the court's transmission facilities.*

5. Based on the foregoing, the District's Motion for Enlargement of Time to File a Responsive Pleading and Motion to Vacate Default were timely. Plaintiff served her Amended Complaint on May 4, 2007, which was entered on the docket on May 8, 2007. Therefore, defendants had until May 21, 2007 to respond. *See* Fed. R.Civ.P. 15(a), 6(e) and 5(b)(2)(D). As such, plaintiff's motion for entry of default on May 15, 2007, and modified on May 18th, was premature.

6. In addition, undersigned counsel alerted plaintiff's counsel by voice mail on May 18, 2007, before the deadline, that the defendants were requesting an extension. Plaintiff's counsel never returned that phone call to indicate whether she consented to the extension, or more importantly, that plaintiff had already moved for default judgment on May 15, 2007, which defense counsel did not have notice of as she had not entered her appearance.

7. Defendants have provided their meritorious defenses in the Motion to Dismiss, or in the Alternative, for Summary Judgment filed June 4, 2007. *See* Docket Nos. 14 and 15. Defendant concedes that plaintiff's proffered

Notice of Claim letter appears to satisfy the requirements of D.C. Code, § 12-309. The District provided the affidavit in good faith and without any intent to deceive this Court.

8. Plaintiff's allegations regarding undersigned counsel's attempts to contact her are without merit. In the opposition, Ms. Myles admits that she received counsel's telephone message on Friday, May 18, 2007, after 5:00 PM. Undersigned counsel filed the Motion for Enlargement of Time to File a Responsive Pleading on May 21, 2007 at 1:13 PM. *See* Docket No. 11. In addition, undersigned counsel notes that she has voicemail, and plaintiff's counsel never left a voicemail message regarding this request for consent.

9. Undersigned counsel notes that because the District had not filed any response to the Complaint or the Amended Complaint, it did not receive notice of the default entered on May 18, 2007. However, Ms. Myles received undersigned counsel's phone message on this date, and did not call to inform counsel of the default or to give her consent to the defendants' motion. Ms. Myles never returned the phone call.

10. Undersigned counsel was informed of the default when she returned to work from an approved leave on May 31, 2007. While counsel was out on leave, Deputy Attorney General George Valentine attempted to phone Ms. Myles to discuss the default and request her consent to the motion to vacate. Ms. Myles' phone was disconnected at that time.

11. On May 31, 2007, upon her return to work, undersigned counsel called Ms. Myles to request consent to the defendants' Motion to Vacate the Default Judgment. Undersigned counsel left a message for plaintiff's counsel, and indicated that the defendants were seeking her consent to the motion to vacate the default. Undersigned counsel filed the Motion to Vacate the Default Judgment on June 1, 2007 at 10:19 AM. *See* Docket No. 13. Plaintiff's counsel never returned the phone message or left a voicemail message regarding this request for consent.

12. There is no prejudice to plaintiff, defendants having moved immediately to set aside the default upon learning of the default, and have also filed a responsive pleading.

Dated: June 29, 2007.

Respectfully Submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

____/s/Nicole Lynch_____
NICOLE L. LYNCH [471953]
Section Chief
General Litigation § II

___/s/Toni Michelle Jackson___
TONI M. JACKSON (453765)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6602
Fax: (202) 727-3625
E-Mail: toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2007, I caused the foregoing DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

**Jo Ann Myles, Esquire
LAW OFFICES OF JO ANN MYLES
1300 Mercantile Lane, Suite 139-S
Largo, MD 20774**

____/s/Toni Michelle Jackson_____
TONI MICHELLE JACKSON
Assistant Attorney General