IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAVERNA SIMMS,
                Plaintiff,
    v.
DISTRICT OF COLUMBIA, *et. al.,*     Case No. 06-02178 (RCL)
                Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants District of Columbia ("District") and Director of the Department of Corrections ("DOC"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P., Rule 15, respectfully move this Honorable Court to deny plaintiff's Motion for Leave to File Second Amended Complaint.

In the Second Amended Complaint, plaintiff alleges sex discrimination, harassment and hostile work environment by the District and the Director of the Department of Corrections based upon Title VII. (*See* Second Amended Complaint, at ¶¶75-83.) Specifically, plaintiff alleges that the District and D.C. Department of Corrections ("DOC") "had a policy, pattern and practice to subject Simms and other female workers and/or employees working at the DOC to unwelcome sexual conduct, sexual harassment and a hostile work environment on a daily basis." (*Id.*, at ¶76.). Plaintiff further alleges that the District and DOC "discriminated against [her] and other females when they failed to respond or inadequately responded to Simms (sic) and other females (sic) complaints because they were females while not treating the males in the same or similar fashion in the workplace." (*Id.*, at ¶79.).

In the First Amended Complaint, plaintiff alleges that she "was at all times relevant herein, was (sic) an employee and part owner and/or incorporator of the Center for Correctional Health and Policy Studies ("CCHPS")." (*Id.*, at ¶¶ 3, 24, and 26.). Plaintiff began working with CCHPS on or about April 2001 and ended her employment with CCHPS in 2006. (*Id.*, at ¶24.).

Plaintiff filed her Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination on May 12, 2006. (*See* EEOC Charge, attached to the District's Motion to Dismiss, or in the Alternative for Summary Judgment ("District's Motion"), as Exh. D.). Plaintiff alleged sexual harassment, hostile work environment and retaliation starting in October 2001. (*Id.*). In her Charge of Discrimination, plaintiff states that she began working with CCHPS in October 2001. (*Id.*). The EEOC issued plaintiff her Right to Sue Letter on May 17, 2007. (*See* District's Motion, attached as Exh. E.).

## I. ARGUMENT

A.  <u>Standards for Allowing Amendments to Pleadings</u>

Under Rule 15 of the Federal Rules of Civil Procedure, once a complaint has been answered, it may only be amended "by leave of court or by written consent of the adverse party." FED. R. CIV. P. 15(a). Rule 15(a) further directs that "leave shall be freely given when justice so requires." *Id.* As stated by the D.C. Circuit Court of Appeals, there are "multifarious reasons for denying leave to amend." *Harris v. Secretary, U. S. Department of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997).

Among these reasons are "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of the amendment*, etc.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))(emphasis added).

B.  Plaintiff's Motion Should Be Denied Because Amendment is Futile

Plaintiff's motion must be dismissed because the amendment would be futile. Title VII defines an employee as "an individual employed by an employer." 42 U.S.C. § 2000e(f); *see also EEOC v. Johnson & Higgins*, 91 F.3d 1529, 1538 (2d Cir. 1996).

Based on the plaintiff's pleadings, her Title VII claim would be futile because she admits that she was not an employee of the District of Columbia for the time period alleged in her Title VII Charge of Discrimination. *See O'Connor v. Davis*, 126 F.3d 112 (2d Cir. 1997), *cert. denied*, 522 U.S. 1114 (1998). In O'Connor, the court held that an unpaid intern was not an employee as defined by Title VII. *Id.*, at 114. The court went on to state that only an individual who is hired by an employer in exchange for a financial benefit can possibly be considered an employee under Title VII. *Id.*, at 116. (citing *Tadros v. Coleman*, 898 F.2d 10, 11 (2d Cir. 1990)("A Title VII plaintiff is only an 'employee' if the defendant both pays him and controls his work.").

Moreover, in a case involving the Utah Department of Corrections, the Tenth Circuit held that "[a]lthough the Department physically controlled plaintiff's entry into the Correctional Facility and provided security for plaintiff and other employees of the [School District], the uncontroverted evidence indicates that plaintiff's employer was the School District." *Lambertsen v. Utah Dep't of Corr.*,

3

79 F.3d 1024, 1028 (10th Cir. 1996).  The court reached this conclusion based upon the record, which made clear that "plaintiff's employment (e.g., work assignments, pay, etc.) were controlled solely by the School District." *Id.*, at 1029.  *See also Albert-Velez v. Corporacion de Puerto Rico Para La Difusion Publica*, 361 F.3d 1 (1st Cir. 2004); *Shah v. Deaconness Hosp.*, 355 F.3d 496 (6th Cir. 2004); *Weary v. Cochran*, 377 F.3d 522 (6th Cir. 2004); *Wortham v. American Family Ins. Group*, 385 F.3d 1139 (8th Cir. 2004); *Lerohl v. Friends of Minn. Sinfonia*, 322 F.3d 486 (8th Cir.), *cert. denied*, 540 U.S. 983 (2003); *Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 435 (7th Cir. 1996).

Plaintiff seeks to add her Title VII claim against the District and DOC—Count VII of the Second Amended Complaint.  However, plaintiff admits that she was employed by CCHPS during the time period alleged in the EEOC Charge of Discrimination—2001 through 2006. (*See* District's Motion, Exh. E.).  Based on the foregoing, plaintiff's motion must be dismissed.

C.    Granting Plaintiff's Motion Would Unduly Prejudice Defendants

Under *Harris*, a motion to amend also may be denied if allowing the amendment would cause "undue prejudice to the opposing party."  126 F.3d at 344.  Defendants herein would be unduly prejudiced if plaintiff were allowed to proceed with her proposed second amended complaint because the amendment is futile, and the District and DOC were not plaintiff's employer.  Thus, were plaintiff's motion granted, defendants would be left to defend against a claim that has no possibility of success on the merits.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion for Leave to File Second Amended Complaint be denied with prejudice.

Dated: August 9, 2007.                Respectfully submitted,

                                              LINDA SINGER
                                              Attorney General

                                              GEORGE C. VALENTINE
                                              Deputy Attorney General
                                              Civil Litigation Division

                                                 /s/Nicole L. Lynch
                                              NICOLE L. LYNCH (471953)
                                              Chief, General Litigation Section II

                                                 /s/Toni Michelle Jackson
                                              TONI MICHELLE JACKSON (453765)
                                              Assistant Attorney General
                                              441 Fourth Street, N.W., Suite 6S052
                                              Washington, D.C. 20001
                                              (202) 724-6602
                                              (202) 727-3625 (fax)
                                              E-mail: toni.jackson@dc.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of August, 2007, I caused the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT,** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

                    **JO ANN MYLES, ESQUIRE**
                **LAW OFFICES OF JO ANN MYLES**
          **1300 MERCANTILE LANE, SUITE 139-S**
                      **LARGO, MD 20774**

                                               /s/Toni Michelle Jackson
                                            TONI MICHELLE JACKSON
                                            Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LAVERNA SIMMS,<br>      Plaintiff,<br> v.<br>DISTRICT OF COLUMBIA, *et. al.*,<br>      Defendants. | Case No. 06-02178 (RCL) |

## O R D E R

Upon consideration of the **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**, Memorandum of Law, and the facts and law considered, it is hereby ORDERED; that the Plaintiff's Motion is DENIED.

So ORDERED this _____ day of _____, 2007.

_____
JUDGE ROYCE C. LAMBERTH

6