## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

_____

LAVERNA SIMMS,                           *

      Plaintiff,                       *

      v.                               *     Civil Action No. 06CV02178

                                      Judge Royce C. Lamberth

DISTRICT OF COLUMBIA ET.AL.               *

      Defendants.                     *

_____*

## PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME
## AND OTHER APPROPRIATE RELIEF

Plaintiff, Laverna Simms by and through her undersigned counsel, hereby moves this Honorable Court to grant her motion for an extension of time and any other appropriate relief.

Specifically, Plaintiff Simms seeks leave of Court to: (1) file her opposition to defendants, the District of Columbia government and the Director of the District of Columbia Department of Corrections Motions to Dismiss and Motion For Summary Judgment until September 14, 2007, and (2) to accept Plaintiff's Service upon the Secretary and Treasurer Gwendolyn Sinclair of the Center for Correctional Health Policy Studies (CCHPS) as alternate service upon CCHPS, which was effected on September 4, 2007. See Exhibit 1

In support of this motion the Plaintiff refers this Court to the accompanying memorandum.

1.    The Plaintiff's Counsel apologizes to the Court for filing this motion one day late, however, on August 30, 2007, Plaintiff's Counsel was required to move her office to a new location, Suite 138-B.  Counsel was assured that her telephone, computer and DSL (internet connection) would be up and working by August 31, 2007. Unfortunately, neither Plaintiff's Counsel's telephone lines, computer nor DSL was up and working and/or working properly.

2.    Specifically, Plaintiff's Counsel phone is only working partially. For example, persons who attempt to call Counsel may have their phone connection cut off. The Computer was working only partially (kept shutting down). Counsel's DSL (Internet Service) only began working today (it has been off for six days).

3.    Additionally, on September 4, 2007, Plaintiff's Counsel received notice from another opposing Counsel in an Appellate matter before the Maryland Court of Special Appeals to which she must urgently respond to that matter, which was unexpected.

4.    Plaintiff's Counsel had set aside time to complete her responses to the defendants' motions during the last week in August and the first four days of September. However due to circumstances beyond Plaintiff's Counsel's control she was unable to complete her opposition responses to the defendants' motions to dismiss and for summary judgment.

5.    Plaintiff's Counsel has contacted Toni Jackson, Assistant Attorney General for the District of Columbia. Ms. Jackson is out of town and will not return until September 10, 2007.

6.    Secondarily, Plaintiff and her Counsel have made numerous efforts to make service upon CCHPS as to her (1) motion for default judgment and (2) motion for leave to file a Second Amended Complaint.    Since Plaintiff has had CT Corporation to refuse to serve CCHPS, she has located the home address of CCHPS' Secretary and Treasurer Gwendolyn Sinclair. Ms. Sinclair is still CCHPS' Secretary and Treasurer and is currently a defendant in another matter pending before this court, namely <u>Phick NG, v. CCHPS et. al</u>. Civil Action No. 1:07CV00389.[1] Ms. Sinclair responded with an Answer and she was served at her home address, which is the same address Plaintiff in this matter served Ms. Sinclair. See Ex. 3 and last page showing service.

7.    On September 4, 2007, Gwendolyn Sinclair signed for two packages from the undersigned's Counsel's office, namely, (1) Plaintiff's motion for default judgment and (2) plaintiff's motion for leave to file second Amended Complaint.  See Exhibit 1 Thus, the record is clear that CCHPS has been served upon with both of Plaintiff's motions and has notice of this action. Ms. Sinclair is also still an employee at the District of Columbia Department of Corrections as a contractor/employee.

8.    Plaintiff Laverna Simms moves this court to accept Exhibit 1 (Certified Mail Return Receipts) as alternate service upon CCHPS.

---

[1] Ms. Sinclair in her Answer to the NG Complaint on page admits she is the treasurer of CCHPS. See Ex. 2

8.      Granting Plaintiff's Motion For An Extension of Time and any Other Appropriate Relief based on the above facts and circumstances is a necessary and reasonable request.

9.      Defendants will not be prejudiced by the court granting of such a request. Plaintiff Simms' Counsel do to unforeseen circumstances needs additional time to complete her responses.  Secondly, Plaintiff and her Counsel have also made an effort to serve a proper officer of CCHPS and they have done so by serving the Secretary and Treasurer of CCHPS Ms. Gwendolyn Sinclair by Certified Mail Return Receipt.

Wherefore, having shown good cause and that none of the parties would be prejudiced or harmed by the court granting and entering an order: (1) allowing Plaintiff an extension of time to file her opposition to the Defendants' motions until September 14, 2007 and (2) accepting as alternate service upon CCHPS, the Certified Mail Return Receipts signed by CCHPS' Secretary and Treasurer Gwendolyn Sinclair of Plaintiff's motion for default judgment and motion for leave to amend complaint. Plaintiff respectfully moves this court to enter an order granting her requests as stated above in this motion and for any other appropriate relief.

Respectfully submitted,

_____/s/_____
Jo Ann P. Myles
Law Office of Jo Ann P. Myles
1300 Mercantile Lane
Suite 138-B
Largo, Maryland 20774
301-773-9652 (Office)
301-925-4070 (Fax)
Bar. No. 04412

Attorney for Plaintiff Laverna Simms

**Dated: September 5, 2007**

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 5th day of September 2007, the following Motion For An Extension of Time and Any Other Appropriate Relief was served upon the following defendants by filing in the U.S. District Court for the District of Columbia to:

District of Columbia
Serve: Mayor Adrian Fenty
And or his representative
1350 Pennsylvania Avenue N.W.
Suite 419
Washington, D.C. 20004

Center for Correctional Health and
Policies and Studies
Serve Gwendolyn Sinclair
1102 Cavendish Drive
Sliver Spring, Md. 20905

Director of District of Columbia
And/or his representative
Department of Corrections
1923 Vermont Avenue
Washington, D.C. 20001

Linda Singer, Esquire
Attorney General
For The District of Columbia
441 4th Street N.W.
6th Floor, Suite 600
Washington, D.C. 20001

_____/s/_____
Jo Ann P. Myles

5

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

*Mr. Steven Reynolds Jourdain*

*11/12 Cavendish Drive*

*Silver Spring, Maryland*

*20905*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                             ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
*Steven Reynolds Jourdain*        9-4-07

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

7006 0810 0002 4261 2358

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540



UNITED STATES POSTAL SERVICE

SUBURBAN MD 208

04 SEP 2007 PM 2 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-40

• Sender: Please print your name, address, and ZIP+4 in this box •

Johnny P. Myles, Esq.

1300 Mercantile Lane

Suite 139-S

Largo, Maryland 20774

5327

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _[signature]_ ☐ Agent / ☐ Addressee <br> B. Received by ( *Printed Name*)  Gwendolyn Sinclair   C. Date of Delivery 9-4-07 |
| 1. Article Addressed to: <br><br> Ms. Gwendolyn Sinclair <br> 1102 Cavendish Drive <br> Silver Spring, Md <br> 20905 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> 3. Service Type <br> ☒ Certified Mail  ☐ Express Mail <br> ☐ Registered  ☐ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. <br> 4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2.  7006 0810 0002 4261 2865 | |

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

04 SEP 2007 PM 5 T

• Sender: Please print your name, address, and ZIP+4 in this box •

John P. Aye, Esq.
1300 Mercantile Lane
Suite 139-S
Largo, Md. 20774

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**PHICK NG**                              :
**18 Dawn View Court**                    :
**Silver Spring, MD 20904**               :
                                          :
                                          :
      **Plaintiff**              :
                                          :
   **v.**                   :     **Civil Action No. 1:07CV00389**
                                          :     **ESH**
**CENTER FOR CORRECTIONAL HEALTH**        :
**& POLICY STUDIES, INC et al.**          :
**803 Florida Avenue, N.W.**              :
**Washington, D.C. 20001**                :
                                          :
                                          :
    **Defendants**             :

## ANSWER TO COMPLAINT AND JURY DEMAND BY DEFENDANT GWENDOLYN SINCLAIR

      COMES NOW, Defendant, Gwendolyn Sinclair by and through counsel J. Anthony Towns,

Esquire and in answer to Plaintiff's Complaint states as follows:

### PARTIES

      1.     Defendant, Gwendolyn Sinclair is without sufficient information to form a belief as to

the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies same and

demands strict proof thereof.

2.      Defendant, Gwendolyn Sinclair admits that the Center for Correctional Health and Policy Studies, Inc ("CCHPS") formerly provided health care services to inmates at the Central Detention Facility located at 1901 D Street, S.E., Washington, D.C. 20003 and denies the remaining allegations contained in paragraph 2 of the Complaint.

3.      Defendant, Gwendolyn Sinclair admits that Defendant Vali Zabeheian is the former Intake Coordinator and Evening Supervisor for CCHPS. In addition, he is the Chairman of the CCHPS Board of Directors.

4.      Defendant, Gwendolyn Sinclair admits that Defendant Ronald Shansky is the former Interim Medical Director for CCHPS. In addition, he is the President of the CCHPS Board of Directors.

5.      Defendant, Gwendolyn Sinclair admits that she is the treasurer of CCHPS. In addition, she is the former Director of Pharmacy of CCHPS.

6.      Defendant, Gwendolyn Sinclair admits that Defendant Benjamin Ginyard is the former Chief Pharmacist and former Chairman of the CCHPS Board of Directors

7.      Defendant, Gwendolyn Sinclair admits the allegations contained in paragraph 7 of the Complaint.

8.      Defendant, Gwendolyn Sinclair admits that Defendant Felicia Lynch is the former Administrator of CCHPS.

9.      Defendant, Gwendolyn Sinclair admits that Defendant Jacqueline Bacchus is the former Interim Administrator of CCHPS.

10.      Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 12 of the Complaint.

## STATEMENT OF FACTS

13.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 13 of the Complaint.

### CAUSES OF ACTION
### COUNT I
### (Violation of Fair Labor Standards Act)
### (All Defendants)

14.     Defendant, Gwendolyn Sinclair incorporates by reference herein her responses to the allegations contained in paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15.     Defendant, Gwendolyn Sinclair is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies same and demands strict proof thereof.

16.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 16 of the Complaint.

17.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 17 of the Complaint.

3

**COUNT II**
**Violation of D.C. Minimum Wage Act Revision Act of 1992**
**(Overtime)**
**(All Defendants)**

18.     Defendant, Gwendolyn Sinclair incorporates by reference herein her responses to the allegations contained in paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 19 of the Complaint.

20.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 20 of the Complaint.

21.     Defendant, Gwendolyn Sinclair denies the allegations contained in paragraph 21 of the Complaint.

**COUNT III**
**(Breach of Contract)**
**(Defendant CCHPS only)**

22.     Defendant, Gwendolyn Sinclair incorporates by reference herein her responses to the allegations contained in paragraphs 1 through 22 of the Complaint as if fully set forth herein.

23.     The allegations contained in paragraph 23 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

24.     The allegations contained in paragraph 24 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

4

25.    The allegations contained in paragraph 25 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

26.    The allegations contained in paragraph 26 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

27.    The allegations contained in paragraph 27 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

28.    The allegations contained in paragraph 28 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

29.    The allegations contained in paragraph 29 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

## COUNT IV
### (Promissory Estoppel)
### (Defendant CCHPS only)

30.    Defendant incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31.    The allegations contained in paragraph 31 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

32.      The allegations contained in paragraph 32 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

33.      The allegations contained in paragraph 33 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

34.      The allegations contained in paragraph 34 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

**COUNT V**
**(Quantum Meruit)**
**(Defendant CCHPS only)**

35.      Defendant incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36.      The allegations contained in paragraph 36 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

37.      The allegations contained in paragraph 37 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

38.      The allegations contained in paragraph 38 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

39.     The allegations contained in paragraph 39 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

40.     The allegations contained in paragraph 40 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

**COUNT VI**
**(Unjust Enrichment)**
**(Defendant CCHPS only)**

41.     Defendant incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42.     The allegations contained in paragraph 42 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

43.     The allegations contained in paragraph 43 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

44.     The allegations contained in paragraph 44 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

45.     The allegations contained in paragraph 45 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

46.    The allegations contained in paragraph 46 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

47.    The allegations contained in paragraph 47 of the Complaint are directed towards another Defendant, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

## FIRST DEFENSE

That the Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendant denies all allegations not specifically admitted herein.

## THIRD DEFENSE

Defendant avers that the Complaint is barred by the applicable statute of limitations.

## FOURTH DEFENSE

Defendant will rely upon all defenses lawfully available to it including, but not limited to, those already asserted herein.

## FIFTH DEFENSE

Defendant avers that any alleged acts or omissions of the Defendant were not the proximate cause of any harm to the Plaintiff.

## SIXTH DEFENSE

Defendant will rely upon all statutory and common law defenses lawfully available.

WHEREFORE, defendant, Gwendolyn Sinclair respectfully requests that the Complaint filed herein against her be dismissed with prejudice, costs and interest as provided by law assessed against the plaintiff and that the defendant be granted such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

_____"/s/J. Anthony Towns, Esq."_____
J. Anthony Towns, Esq., #433435
803 Florida Avenue, N.W.
Washington, D.C.  20001
(202) 265-2300
Attorney for Defendant

## JURY DEMAND

Defendant demands a trial by jury as to all issues raised herein.

_____"/s/J. Anthony Towns, Esq."_____
J. Anthony Towns, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically served, on the 17th day of July, 2007 to: Philip B. Zipin, Esquire 8403 Colesville Road, Suite 610, Silver Spring, Maryland 20910 and Steven Kaplan, Esquire, 8403 Colesville Road, Suite 610, Silver Spring, Maryland 20910.

_____"/s/J. Anthony Towns, Esquire"___
J. Anthony Towns, Esquire

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me" | DATE<br>6/15/2007    9:28 P.M. |
| NAME OF SERVER *(PRINT)*<br>**Anthony Barnes** | TITLE<br>**Private Process Server** |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served:    **1102 Cavendish Drive  Silver Spring,Md.**
   **Gwendolyn Sinclair -served personally**

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
   discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ ~~Returned unexecuted~~:    **blk female 5'1" 160 lbs age 60**

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|
|     I declare under penalty of perjury under the laws of the United States of America that the foregoing information<br>contained in the Return of Service and Statement of Service Fees is true and correct. |

Executed on   **6/15/2007**          _____
              Date              *Signature of Server*   **Anthony  Barnes**


                    **2610 University Blvd. Wheaton,MD**
                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

_____

LAVERNA SIMMS,                              *

      Plaintiff,                            *

      v.                                    *          Civil Action No. 06CV02178

                                  Judge Royce C. Lamberth

DISTRICT OF COLUMBIA ET.AL.         *

      Defendants.                           *

_____*

**ORDER**

      UPON consideration of Plaintiff's Motion For Enlargement of Time And for Any

Other Appropriate Relief and it appearing proper and just, on this ____day of

_____2007, it is hereby;

      ORDERED, that Plaintiff Laverna Simms' Motion For An Enlargement of Time

is hereby GRANTED, and it is further

      ORDERED, that the Court accepts the alternate service served upon CCHPS, it is

further

      ORDERED, that Plaintiff Laverna Simms shall have until September 14, 2007,

2007, in which to file her oppositions to the defendants the District of Columbia and the

Director of the District of Columbia Department of Corrections' pending motions.

_____
      UNITED STATES DISTRICT COURT JUDGE