**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LAVERNA SIMMS,<br>            Plaintiff,<br>     v.<br>DISTRICT OF COLUMBIA, *et. al.,*<br>            Defendants. | Case No. 06-02178 (RCL) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT**
**OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED**
**COMPLAINT, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants District of Columbia and D.C. Department of Corrections ("DOC"), by and through undersigned counsel, hereby reply to plaintiff's response to the outstanding Motions to Dismiss, or in the Alternative for Summary Judgment, and state as follows:

**I.     INTRODUCTION**

For many years, the oft-cited standard of review in determining the sufficiency of a complaint when faced with a motion to dismiss was that set forth by the Supreme Court in *Conley v. Gibson* "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957).

However, in the recent Supreme Court case of *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955 (2007), the Court re-examined *Conley*, observing that "*Conley*'s 'no set of facts' language has been questioned, criticized, and explained away long enough." *Bell Atlantic*, 127 S. Ct. at 1969.  The Court concluded that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Conley*, then, described the breadth of

opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.* (citations omitted).

The Supreme Court in *Bell Atlantic* stated that a statement of grounds on which a complaint rests "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Rather, the Court now imposes a "plausibility" standard when judging the sufficiency of a complaint in the face of a motion to dismiss. *Id.* In this case, plaintiffs cannot meet this plausibility standard and their Second Amended Complaint must be dismissed.

For the reasons detailed in its Motion to Dismiss and elaborated in the following reply brief, Defendant District of Columbia ("District"), by and through undersigned counsel, respectfully moves the Court to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, the District respectfully requests that this Court enter an Order granting it summary judgment pursuant to Fed. R. Civ. P. 56.

## II.    BACKGROUND

Plaintiff filed suit on December 21, 2006, alleging that she was sexually harassed and subjected to a hostile work environment at the D.C. Jail. (*See* Complaint, *et. seq.*). On May 4, 2007, plaintiff filed her Amended Complaint alleging violations of 42 U.S.C. §1983, §1988, and the Fifth and Eighth Amendments of the U.S. Constitution. (*See* Amended Complaint, *et. seq.*). Specifically, the District requests that the plaintiffs' claims be dismissed as follows:

1. Plaintiff's Amended Complaint fails to state a claim for municipal liability under 42 U.S.C. § 1983 and the doctrine of *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978) (Counts I, II, III and IV);

2

2. The wrongdoing alleged in the Amended Complaint does not rise to the level of a constitutional violation (Counts I, II, III and IV);

3. Plaintiff's claims must be dismissed because they are barred by the applicable statute of limitations (Counts I, II, III, IV, V and VI);

4. Plaintiff's common law claims must be dismissed (Counts V and VI); and

5. DOC is *non sui juris* (Counts I, II, III, IV, V and VI).

Plaintiff has failed to allege an unconstitutional policy or custom, or to show that a policy maker was involved in the alleged harassment sufficient to withstand dismissal of her 42 U.S.C. § 1983 claims based on violations of the Fifth and Eighth Amendments. The District's motion to dismiss plaintiff's Amended Complaint, or, in the alternative, for Summary Judgment should be granted.

### III. ARGUMENT

#### A. PLAINTIFF'S FIFTH AMENDMENT CLAIMS DO NOT STATE A CONSTITUTIONAL VIOLATION

Next, plaintiff argues that she "can bring her constitutional and due process claims under the theory of 'state endangerment." (Pl. Opp., at p. 22.). Plaintiff cites to *Butera v. D.C.*, 235 F.3d 637, 651 (D.C. Cir. 2001), as support for her argument. As a general matter, the District notes that a State's failure to protect an individual from private violence, even in the face of a known danger, "does not constitute a violation of the Due Process Clause." *Butera*, 235 F.3d at 647; citing *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989); *see also Harris v. District of Columbia*, 932 F.2d 10, 13 (D.C. Cir. 1991). The District contends that plaintiff's allegations, read in a light most favorable to plaintiff, do not support a deviation from this standard.

To assert a substantive due process violation based upon the state endangerment theory, a plaintiff must show that the District of Columbia's conduct was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Butera*, 235 F.3d at 651; citing *County of Sacramento v. Lewis,* 523 U.S. 833, 847 n.8. The Butera court noted, "this stringent requirement exists to differentiate substantive due process, which is intended only to protect against arbitrary government action, from local tort law." *Id.*; citing *Sacramento*, 523 U.S. at 845-46, 848-49; *Daniels v. Williams*, 474 U.S. 327, 331, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986); *Wolff v. McDonnell*, 418 U.S. 539, 558, 41 L. Ed. 2d 935, 94 S. Ct. 2963 (1974); *see also Paul v. Davis*, 424 U.S. 693, 701, 47 L. Ed. 2d 405, 96 S. Ct. 1155 (1976).

Based on *Butera*, plaintiff Simms must show "behavior at the other end of the culpability spectrum…," official action at a "conscience-shocking level." *See Butera*, 235 F.3d at 651; citing *County of Sacramento v. Lewis,* 523 U.S. 833, 849. A key component of a state endangerment action is "affirmative conduct by the State to increase or create the danger that results in harm to the individual. No constitutional liability exists where the State actors 'had no hand in creating a danger but [simply] stood by and did nothing….'" *Butera*, 235 F.3d at 650.

In the case at bar, plaintiff's Amended Complaint fails to allege any "affirmative action" by State officials, or conduct that shocks the conscience. In fact, according to plaintiff, once she complained of the harassment, DOC officials investigated her complaint and took disciplinary action. (*See* Exh. A, B, and C.).[1]  Based on *Butera*, plaintiff's Amended Complaint must be dismissed.

---

[1] After the third unwelcome touch, plaintiff complained to Major Corbett, who contacted OSI and filed a formal complaint. (*See* Interview of Laverna Simms, attached hereto as Exh. A, at p. 15.). In September

4

### B. PLAINTIFF'S EIGHTH AMENDMENT CLAIMS DO NOT STATE A CONSTITUTIONAL VIOLATION

Even if this Court did find that the Amended Complaint properly alleged a municipal policy or custom, the plaintiff's constitutional claims must be dismissed because the Amended Complaint fails to allege a violation of the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishments on those convicted of crimes. In 1976, the Supreme Court first acknowledged that the provision could be applied to some deprivations that were not specifically part of the prison sentence, but were suffered during imprisonment. *Estelle v. Gamble*, 429 U.S. 97 (1976).

Plaintiff's Amended Complaint fails to state one important fact, that she was an inmate at D.C. Jail. In fact, her Amended Complaint states just the opposite. In the Amended Complaint, plaintiff alleges that she "was at all times relevant herein, was (sic) an employee and part owner and/or incorporator of the Center for Correctional Health and Policy Studies ("CCHPS")." (*Id.*, at ¶¶ 3, 24, and 26.). Plaintiff began working with CCHPS on or about April 2001. (*Id.*, at ¶24.). Plaintiff also states that CCHPS employed her and owed a duty of care to her and all its employees to "ensure their health, safety and a work environment free of sexual harassment and hostility and discrimination." (*Id.*, at ¶ 5.).

Based upon the foregoing, the plaintiff's Amended Complaint fails to allege the most important trigger for Eighth Amendment protection—that she is or was an inmate

---

2004, OSI found probable cause of sexual harassment, and proposed Masi's termination. (*See* Notice of Termination Letter, attached hereto as Exh. B.). Masi appealed the termination, and the hearing officer proposed that Masi be suspended for 180 days without pay. (*See* Notice of Final Decision Letter, attached hereto as Exh. C.). Masi was suspended for five months, from March 14, 2005 through July 11, 2005. (*Id.*).

at D.C. Jail during the time period alleged in the Amended Complaint. As such, the plaintiff's Eighth Amendment claim must be dismissed for failure to state a claim.

### C. ALL CONSTITUTIONAL CLAIMS AGAINST THE DISTRICT SHOULD BE DISMISSED BECAUSE THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 (COUNTS I, II, III & IV)

Although there is no heightened pleading requirement, a § 1983 complaint must allege an established municipal policy or custom that caused the constitutional violation at issue. *Dorman v. District of Columbia*, 888 F.2d 159, 162 (D.C. Cir. 1989); *Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987). A complaint that does not allege such a policy or custom fails to allege a necessary element of liability under § 1983 and must be dismissed. *Dant*, 829 F.2d at 76.

In this case, the plaintiff alleges that the District violated her Eighth Amendment and Fifth Amendment rights under the U.S. Constitution, but she has failed to show the particular policy or custom that is violative of the Constitution. In considering whether a plaintiff has stated a claim for municipal liability, the district court must conduct a two-step inquiry. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). First, the court must determine whether the complaint states a claim for a predicate constitutional violation. *Id.* Second, if so, then the court must determine whether the complaint states a claim that a custom or policy of the municipality caused the violation. *Id.*; *Monell*, 436 U.S. at 694. Each inquiry is separate and serves different purposes. *Collins*, 503 U.S. at 124; *see also Farmer v. Brennan*, 511 U.S. 825, 840-42, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994); *City of Canton v. Harris*, 489 U.S. 378, 388 n.8, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989).

Under the first prong, plaintiff has failed to state a predicate claim of deliberate indifference by the Department of Corrections to plaintiff's sexual harassment claims in violation of her Fifth and Eighth Amendment rights. See *Estelle v. Gamble*, 429 U.S. 97, 106, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976). To show deliberate indifference, plaintiff had to allege that officials had subjective knowledge of the sexual harassment and recklessly disregarded the excessive risk to her well being or safety from that risk. *Farmer*, 511 U.S. at 837. In order to establish this predicate violation, neither District of Columbia policy makers nor employees need be implicated. All that is being established at this stage is that there is some constitutional harm suffered by the plaintiff, not whether the municipality is liable for that harm. *See Baker v. District of Columbia*, 326 F.3d 1302 (D.C. Cir. 2003).

Under the second prong, the plaintiff's complaint must allege that a policy or custom of the District of Columbia caused the constitutional violation alleged under the first prong. *See Monell*, 436 U.S. at 694; *Harris*, 489 U.S. at 389. The court must determine whether the plaintiff has alleged an "affirmative link," *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 85 L. Ed. 2d 791, 105 S. Ct. 2427 (1985), such that a municipal policy was the "moving force" behind the constitutional violation, *Harris*, 489 U.S. at 389 (quotation omitted).

Here, plaintiff has failed to state the predicate constitutional violation, and she has failed to allege any link whatsoever between her claims of sexual harassment, and a municipal policy that was the "moving force" behind the violation. The District of Columbia should not be held liable for the actions of one employee. Plaintiff must allege an unconstitutional policy or custom that violates her constitutional rights.

Regardless of how egregious the conduct alleged in the Amended Complaint, the actions are still the product of one man acting alone and the plaintiff's allegations are not sufficient to establish a policy or custom of the District of Columbia.

Plaintiff has failed to show that there were any decision makers/state officials involved in the alleged sexual harassment, and the plaintiff has failed to identify any policy or custom of the District that is unconstitutional. (*See* Amended Complaint, *et. seq.*).  Based on the foregoing, plaintiff has failed to allege a predicate constitutional violation, and her Fifth and Eighth Amendment claims brought pursuant to 42 U.S.C. Section 1983 must be denied.

### D. PLAINTIFF'S CLAIMS MUST BE DISMISSED BECAUSE THEY ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

Plaintiff's arguments to the contrary, her claims are barred by the applicable statute of limitations.  In her opposition, plaintiff argues, as best as the District can interpret, that her constitutional and common law claims are not barred because she complained of discrimination until her position ended in 2006.  (*See* Pl. Opp., at p. 23.). However, plaintiff then states that she made her "final complaint against Masi in late 2003." (*Id.*, at p. 24.).  Based on plaintiff's allegations in her Amended Complaint, her final complaint regarding sexual harassment was made in 2003. (See Pl. Opp., at p. 24.).  Based on plaintiff's own admission, she has failed to satisfy the applicable statute of limitations.

In the alternative, plaintiff argues that her constitutional and common law claims are preserved because she has a Title VII claim pending before the court.[2]  (*Id.* at p.

---

[2] Also pending before the Court is the District's opposition to plaintiff's Motion to Amend to add a Title VII claim.  As stated in the District's opposition, plaintiff's request to add a Title VII claim should be denied because she was not a District employee during the time period alleged in the charge of discrimination.

8

24.). Plaintiff cites *Lively v. Flexible Packaging* as support for this argument. *See Lively v. Flexible Packaging Ass'n*, 830 A.2d 874 (D.C. 2003). The plaintiff's argument is without merit. *Lively* involved claims brought under the D.C. Human Rights Act, not constitutional claims. *Id.* at 885, fn.19. Moreover, plaintiff does not allege any Title VII violations in this Amended Complaint, which is the complaint at issue in the District's motion.

In this case, the District argues that plaintiff's claims brought under the theories of negligence, deprivation of civil rights under 42 U.S.C. 1983, and violations of the Fifth and Eighth Amendments of the U.S. Constitution, are time-barred under § 12-301(8). Because plaintiff has failed to respond to this argument, defendant respectfully requests that the Court treat the issue as conceded and dismiss the plaintiff's claims alleging negligence, deprivation of civil rights under 42 U.S.C. 1983, and violations of the Fifth and Eighth Amendments of the U.S. Constitution.

### E. PLAINTIFF'S COMMON LAW CLAIMS AGAINST THE DISTRICT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM AND SUBJECT MATTER JURISDICTION

The plaintiff's Amended Complaint alleges common law claims for intentional infliction of emotional distress and negligent supervision and retention against the defendants. (Amended Complaint, Counts V and VI). Plaintiff's claims must be dismissed because she fails to state a claim upon which relief can be granted and this court lacks subject matter jurisdiction.

#### 1. Plaintiff's Amended Complaint fails to State a Claim— Intentional Infliction of Emotional Distress (Count IV)

Because plaintiff has failed to respond to this argument, defendant respectfully requests that the Court treat the issue as conceded and exercise its authority under

U.S.C. § 1367(c) to dismiss the plaintiff's common law claim of intentional infliction of emotional distress.

### 2. *This Court does not have Subject Matter Jurisdiction over Plaintiff's Common Law Claims (Counts IV and V)*

Here, the plaintiff's constitutional claims are barred under the *Monell* doctrine. *Monell*, 436 U.S. at 694. Furthermore, her constitutional claims do not rise to the level of a constitutional violation or a violation of Title VII. As such, the plaintiff will not be prejudiced by dismissal of her common law claims.

### F. THE DEPARTMENT OF CORRECTIONS IS *NON SUI JURIS*

Because plaintiff has failed to respond to this argument, defendant respectfully requests that the Court treat the issue as conceded and dismiss all claims against the Department of Corrections.

### IV. CONCLUSION

WHEREFORE, defendants respectfully request that this Court grant their motion to dismiss, or the motion for summary judgment on all claims.

Dated: September 24, 2007.    Respectfully Submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Lit. Division

____/s/Nicole Lynch_____
NICOLE L. LYNCH [471953]
Section Chief, General Litigation § II

___/s/Toni Michelle Jackson___
TONI M. JACKSON (453765)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001

(202) 724-6602  
Fax:  (202) 727-3625  
E-Mail:  toni.jackson@dc.gov