UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAVERNA SIMMS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-2178 (RCL) |
| DISTRICT OF COLUMBIA GOVERNMENT, *et al.* | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Now before the Court comes plaintiff Laverna Simms' motion [29] for leave to file second amended complaint. Upon consideration of the motion, defendants' opposition, the entire record herein, and applicable law, the Court will GRANT plaintiff's motion. Consequently, the Court will DENY defendants' motion to dismiss [14] or, in the alternative, for summary judgment [15]. Defendants will not be prohibited from renewing their motion as to plaintiff's second amended complaint.

**I.      BACKGROUND**

Plaintiff Laverna Simms filed suit in this Court on December 21, 2006, alleging that she and other female contractors and employees were routinely subject to a pattern of sexual harassment at the District of Columbia Department of Corrections ("DOC"). (*See* Am. Compl. ¶ 11.) Plaintiff's suit names three defendants: the District of Columbia, the Director of the DOC, and the Center for Correctional Health and Policy Studies ("CCHPS"). Although plaintiff's precise employment history is not entirely clear to the Court from her pleadings, she alleges that

she "was at all times relevant herein, [ ] an employee and part owner and/or incorporator of [CCHPS] and employee, agent, and/or contractor for the defendants the District of Columbia Government and the District of Columbia [DOC]." (Am. Compl. ¶ 3.) Plaintiff began working at the DOC as an intake coordinator in 1997. (*See id.* ¶ 17.) Sometime in 2001, she became one of the incorporators of CCHP, a corporation that contracted with the DOC to provide mental health services. (*See id.* ¶ 24.) Yet, plaintiff maintains that although she was a contractor, she worked directly for the District of Columbia and DOC as an employee because of the nature of her work and CCHPS's contract. (See *id.* ¶ 25.)

Plaintiff's original complaint indicated that she was awaiting a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") so that she could assert Title VII claims in this Court. (*See* Compl. ¶¶ 7–8.) The EEOC issued a right to sue letter on May 17, 2007. (*See* Ex. 3 to Mot. for Leave to File.) Accordingly, plaintiff, adhering to this Court's July 24, 2007 deadline for seeking leave to file her second amended complaint, filed her motion on that date. (*See* Order [28] (setting deadline for filing plaintiff's motion.)) The proposed second amended complaint only differs from the amended complaint in that it adds a seventh cause of action alleging Title VII violations against the District of Columbia and the Director of the DOC. (*See* 2d Am. Compl. ¶ 75–83.)

II.     **ANALYSIS**

   A.     **Legal Standard**

Federal Rule of Civil Procedure 15(a) grants "a plaintiff an absolute right to amend its complaint once at any time before the defendant has filed a responsive pleading." *James v.*

*Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282–83 (D.C. Cir. 2000).  Other amendments require either defendant's consent or leave of court.  *See* FED. R. CIV. P. 15(a)(2).  In such situations, a court "should freely give leave when justice so requires."  *Id.*  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  However, it is within a court's discretion to deny leave to amend for "sufficient reason, such as 'undue delay, bad faith, [ ] dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment.'"  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting *Foman*, 371 U.S. at 182));  *see Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (finding no abuse of discretion when district court denied leave to amend because additional claim would have been futile).  A court may deny a motion to amend as futile "if the proposed claim would not survive a motion to dismiss."  *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (citing *Foman*, 371 U.S. at 181–82).

    B.    <u>**Amendment Is Proper**</u>

Defendants contend that plaintiff's motion should be denied because amendment would be futile and would unduly prejudice defendants.  (*See* Opp. at 3–4.)  Defendants assert that plaintiff has conceded that she was not an employee of DOC or the District of Columbia because of her role in CCHPS.  This Court disagrees.

To sue under Ttitle VII, a plaintiff must be an employee—"an individual employed by an employer."  42 U.S.C. § 2000e(f).  While this definition, on its face, is not helpful, the Supreme Court has instructed that "Congress intended to describe the conventional master-servant

3

relationship as understood by common-law agency doctrine." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322–23 (1992) (citations omitted). To determine whether an individual is an employee or an independent contractor, a court must look to a variety of factors to assess the "economic realities" of the relationship. *Spirides v. Reinhardt*, 613 F.2d 826, 831 (D.C. Cir. 1979). There are at least twelve factors that a Court must analyze in this analysis, the most important of which is the extent of the right to control the "means and manner" of the worker's performance. *See id.* at 831–32.

At this initial stage, based on the complaint, the Court cannot say that plaintiff was not a DOC or District of Columbia employee for the purposes of Title VII. Defendants may be able to establish non-employee status in a subsequent motion to dismiss or at a later stage of this litigation. However, at this time, when construing the complaint in plaintiff's favor, she has pleaded facts that could plausibly enable her to establish that she was an employee.

Further, defendants claim that granting leave to amend would result in undue prejudice. The only basis for prejudice that defendants cite is futility because the District of Columbia and DOC were not plaintiff's employer. (*See* Mot. for Leave to File at 4.) Having rejected that futility claim at this stage, the Court sees no other basis for finding that amendment would be futile. Accordingly, the Court will permit plaintiff to file a second amended complaint.

### III.   CONCLUSION AND ORDER

Upon full consideration of the motion, defendants' opposition, the entire record herein, and applicable law, it is hereby, for the reasons set forth above,

ORDERED that plaintiff's motion is GRANTED. Plaintiff's proposed second amended complaint [29-3] shall be deemed filed as plaintiff's second amended complaint as of July 24, 2007. It is further hereby

ORDERED that defendants' motion to dismiss [14], or in the alternative for summary judgment [15], is DENIED without prejudice to defendants' renewing said motion as to plaintiff's second amended complaint.

SO ORDERED.


Signed by United States District Judge Royce C. Lamberth, March 31, 2008.