**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LAVERNA SIMMS** : | |
| 10100 Idaho Place : | |
| Upper Marlboro, MD  20774 : | |
| : | |
|      **Plaintiff** : | |
| : | |
| v. : | Civil Action No.: 06CV02178 |
| : | Judge Royce C. Lamberth |
| **CENTER FOR CORRECTIONAL** : | |
| **HEALTH AND POLICY STUDIES** : | |
| et al. 803 Florida Avenue, N.W. : | |
| Washington, D.C.  20001 : | |
| : | |
|      **Defendants** : | |

**DEFENDANT CENTER FOR CORRECTIONAL HEALTH AND POLICY STUDIES
MOTION TO VACATE THE ENTRY OF DEFAULT**

COMES NOW, Defendant, Center for Correctional Health and Policy Studies, Inc., (Hereinafter CCHPS) by and through their attorney J. Anthony Towns, Esquire and respectfully moves this Court, for an Order vacating the default entered on May 17, 2007.  In support of this request, Defendant, CCHPS states the following:

**POINTS AND AUTHORITIES**

1.  On May 17, 2007 a default was entered against Defendant, Center for Correctional Health and Policy Studies, Inc., (Hereinafter CCHPS).  The basis for the default was Defendant, CCHPS's failure to file a responsive pleading to Plaintiff's Second Amended Complaint.

2.  Defendant, CCHPS which is a non-profit entity has not been in operation since October of 2006 when its contract with the District of Columbia Government to provide medical care at the D.C. Jail was terminated.  Since that time the company has been insolvent and unable

to engage legal counsel. The insurance company which provides coverage for CCHPS' Directors and Officers recently agreed to provide funding to CCHPS to defend this action. Therefore, CCHPS is now in a position where it can fully participate and defend this claim.

    3.    A default should be set-aside for good cause shown. Federal Rules of Civil Procedure Rule 55(c). Defendant CCHPS has attached to this motion a verified answer which asserts a defense that if successful will defeat plaintiff's claim.

    4.    Based on the fact that Defendant, Center for Correctional Health and Policy Studies, Inc has found funding to mount a defense to this action and has filed a verified answer which if successful will bar plaintiff's from recovery, the default entered in this matter should be vacated.

    WHEREFORE, for the reasons given, Defendant, Center for Correctional Health and Policy Studies, Inc, respectfully requests that the Court grant this Motion and enter an Order vacating the default entered in this case.

                                   Respectfully Submitted,

                                   By_____"/s/J. Anthony Towns"_____
                                   J. Anthony Towns, #433435
                                   803 Florida Avenue, N.W.
                                   Washington, D.C. 20001
                                   (202) 265-2300
                                   Attorney for Defendant

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a copy of the foregoing was sent electronically on the 17th day of April, 2008 to: Jo Ann P. Myles, 1300 Mercantile Lane, Suite 139-S, Largo, Maryland 20774.


                                           _____"/s/J. Anthony Towns, Esq."_____
                                           J. Anthony Towns, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LAVERNA SIMMS** | : | |
| 10100 Idaho Place | : | |
| Upper Marlboro, MD  20774 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No.: 06CV02178 |
| | : | Judge Royce C. Lamberth |
| **CENTER FOR CORRECTIONAL** | : | |
| **HEALTH AND POLICY STUDIES** | : | |
| Et al. 803 Florida Avenue, N.W. | : | |
| Washington, D.C.  20001 | : | |
| | : | |
| Defendant | : | |

## **ORDER**

Upon consideration of the Motion to Vacate the Default filed by defendant, Center for Correctional Health and Policy Studies, Inc, and the entire record herein, it is by the Court on this _____ day of _____, 2008, hereby

ORDERED that the Motion be and is hereby GRANTED; and it is further

ORDERED that the default entered on May 17, 2007 is hereby vacated.

                                                                                    _____

                                                                                    Judge Lamberth

COPIES TO:

Jo Ann P. Myles, Esquire
1300 Mercantile Lane
Suite 139-S
Largo, Maryland  20774

J. Anthony Towns, Esquire
803 Florida Avenue, N.W.
Washington, D.C.  20001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAVERNA SIMMS<br>10100 Idaho Place<br>Upper Marlboro, MD 20774<br><br>   Plaintiff<br><br>v.<br><br>CENTER FOR CORRECTIONAL<br>HEALTH AND POLICY STUDIES<br>Et al. 803 Florida Avenue, N.W.<br>Washington, D.C. 20001<br><br>   Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No.: 06CV02178<br>: Judge Royce C. Lamberth<br>:<br>:<br>:<br>:<br>:<br>: |

## VERIFIED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND JURY DEMAND

COMES NOW, Defendant, the Center for Correctional Health and Policy Studies by and through counsel J. Anthony Towns, Esquire and in answer to Plaintiff's Second Amended Complaint states as follows:

1. The allegations contained in paragraph 1 of the Complaint relate to the venue and jurisdiction of the Court, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

2. The allegations contained in paragraph 2 of the Complaint relate to the venue and jurisdiction of the Court, and therefore require no response, however, to the extent that the allegations are asserted against this Defendant, then they are denied.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

1

4.     Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.     Defendant denies the allegations contained in paragraph 5 of the Complaint.

6.     The allegations contained in paragraph 6 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

7.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 7 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

8.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 8 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

9.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

10.    Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.    The allegations contained in paragraph 11 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

12.    The allegations contained in paragraph 12 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

13. The allegations contained in paragraph 13 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

14. The allegations contained in paragraph 14 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

15. The allegations contained in paragraph 12 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

16. The allegations contained in paragraph 16 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

17. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 17 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

18. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 18 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

19. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 19 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

20. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 20 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

21. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 21 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

22. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 22 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant admits the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. The allegations contained in paragraph 32 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

33. The allegations contained in paragraph 33 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

34. The allegations contained in paragraph 34 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

35(a) The allegations contained in paragraph 35(a) of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. The allegations contained in paragraph 37 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

38. The allegations contained in paragraph 38 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. The allegations contained in paragraph 40 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

41. The allegations contained in paragraph 41 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

42. The allegations contained in paragraph 42 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

43. The allegations contained in paragraph 43 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

44. The allegations contained in paragraph 44 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

45. The allegations contained in paragraph 45 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

46. The allegations contained in paragraph 46 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

47. The allegations contained in paragraph 47 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

48. The allegations contained in paragraph 48 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

49. The allegations contained in paragraph 49 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

50. The allegations contained in paragraph 50 of the Complaint are directed towards another defendant and therefore require no response however to the extent that the allegations are asserted against this defendant then they are denied.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 52 of the Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

## COUNT I

53. Defendant incorporates by reference its responses to paragraphs 1-52 as if fully recited herein.

54. The allegations contained in paragraph 54 of the Complaint are directed towards another defendant and therefore require no response however, to the extent that the allegations are asserted against this defendant, then they are denied.

55. The allegations contained in paragraph 55 of the Complaint are directed towards another defendant and therefore require no response however, to the extent that the allegations are asserted against this defendant, then they are denied.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

## SECOND CAUSE OF ACTION

62. Defendant incorporates by reference its responses to paragraphs 1-61 as if fully recited herein.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

## THIRD CAUSE OF ACTION

64. Defendant incorporates by reference its responses to paragraphs 1-63 as if fully recited herein.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint.

## FOURTH CAUSE OF ACTION

66. Defendant incorporates by reference its responses to paragraphs 1-65 as if fully recited herein.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint.

## FIFTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

68. Defendant incorporates by reference its responses to paragraphs 1-67 as if fully recited herein.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the Complaint.

## SIXTH CAUSE OF ACTION
### (NEGLIGENT SUPERVISION RETENTION)

71. Defendant incorporates by reference its responses to paragraphs 1-70 as if fully recited herein.

72. The allegations contained in paragraph 72 of the Complaint are directed towards another defendant and therefore require no response however, to the extent that the allegations are asserted against this defendant, then they are denied.

73. The allegations contained in paragraph 73 of the Complaint are directed towards another defendant and therefore require no response however, to the extent that the allegations are asserted against this defendant, then they are denied.

74. The allegations contained in paragraph 74 of the Complaint are directed towards another defendant and therefore require no response however, to the extent that the allegations are asserted against this defendant, then they are denied.

## SEVENTH CAUSE OF ACTION

TITLE VII Sex Discrimination, Harassment and Hostile Work Environment
(As to the District of Columbia and the Director of the Department of Corrections (DOC))

75. Defendant incorporates by reference its responses to paragraphs 1-74 as if fully recited herein.

76. The allegations contained in paragraph 76 of the Complaint are directed towards another defendant and therefore require no response however, to the extent that the allegations are asserted against this defendant, then they are denied.

77. The allegations contained in paragraph 77 of the Complaint are directed towards another defendant and therefore require no response however, to the extent that the allegations are asserted against this defendant, then they are denied.

78. The allegations contained in paragraph 78 of the Complaint are directed towards another defendant and therefore require no response however, to the extent that the allegations are asserted against this defendant, then they are denied.

79. The allegations contained in paragraph 79 of the Complaint are directed towards another defendant and therefore require no response however, to the extent that the allegations are asserted against this defendant, then they are denied.

80. The allegations contained in paragraph 80 of the Complaint are directed towards another defendant and therefore require no response however, to the extent that the allegations are asserted against this defendant, then they are denied.

81. The allegations contained in paragraph 81 of the Complaint are directed towards another defendant and therefore require no response however, to the extent that the allegations are asserted against this defendant, then they are denied.

82. The allegations contained in paragraph 82 of the Complaint are directed towards another defendant and therefore require no response however, to the extent that the allegations are asserted against this defendant, then they are denied.

83. The allegations contained in paragraph 83 of the Complaint are directed towards another defendant and therefore require no response however, to the extent that the allegations are asserted against this defendant, then they are denied.

### FIRST DEFENSE

That the Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant denies all allegations not specifically admitted herein.

### THIRD DEFENSE

Defendant avers that the Complaint is barred by the applicable statute of limitations.

### FOURTH DEFENSE

Defendant avers that any injuries, losses and damages claimed by the plaintiff herein were the result of the plaintiffs' sole and/or contributory negligence.

### FIFTH DEFENSE

Defendant avers that the claim alleged in Plaintiffs Complaint is barred by the plaintiffs' assumption of the risk.

**SIXTH DEFENSE**

Defendant avers that the claim alleged in Plaintiffs Complaint is barred due to the negligence and/or affirmative conduct of others for whom in law this defendant is not responsible.

**SEVENTH DEFENSE**

Defendant avers insufficiency of service of process

**EIGHTH DEFENSE**

Defendant avers that any alleged acts or omissions of the defendant was not the proximate cause of any harm to the plaintiff.

**NINTH DEFENSE**

The claim for punitive damages are unconstitutional and lacking in proof or specific allegations of malice.

**TENTH DEFENSE**

Defendant will rely upon all defenses lawfully available to it including, but not limited to, those already asserted herein.

WHEREFORE, Defendant, The Center for Correctional Health and Policy Studies, Inc respectfully requests that the Complaint filed herein against it be dismissed with prejudice, costs and interest as provided by law assessed against the plaintiff and that the defendant be granted such other and further relief as this Honorable Court deems just and proper.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was sent electronically on the _____ day of April, 2008 to: Jo Ann P. Myles, 1300 Mercantile Lane, Suite 139-S, Largo, Maryland 20774.

 

                                            _____"/s/J. Anthony Towns, Esq."_____  
                                                   J. Anthony Towns, Esquire

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT**

For Dr. Shansky

By: ~~Ronald Shansky~~
    ~~Preisdent~~

Date: 4-10-08

Respectfully Submitted,

By_____"/s/J. Anthony Towns"_____
J. Anthony Towns, #433435
803 Florida Avenue, N.W.
Washington, D.C. 20001
(202) 265-2300
Attorney for Defendant

**JURY DEMAND**

Defendant demands a trial by jury as to all issues raised herein.

_____"/s/J. Anthony Towns, Esq"_____
J. Anthony Towns, Esq.

Traci R. Outlaw
Notary Public State of Maryland
My Commission Expires April 1, 2010

4/10/08

13