UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAVERNA SIMMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-2178 (RCL) |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| GOVERNMENT, *et al.* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Now before the Court is the plaintiff's motion [56] to amend the Court's November 26, 2008 order.  Upon consideration of the motion, the opposition, and the reply, the plaintiff's motion will be GRANTED in part and DENIED in part.

**I.    BACKGROUND**

On December 21, 2006, plaintiff Laverna Simms filed suit alleging that she and other female contractors and employees were subject to a pattern of sexual harassment at the District of Columbia Department of Corrections ("DOC").  Plaintiff's suit names three defendants: the District of Columbia, the Director of the DOC, and the Center for Correctional Health and Policy Studies ("CCHPS").  On November 26, 2008, the Court granted the motions to dismiss and for summary judgment of defendants District of Columbia and the Director of the Department of Corrections.  The Court dismissed the federal law claims against those defendants on the merits,

1

and dismissed the remaining District of Columbia law claims[1] against those defendants because of the lack of subject-matter jurisdiction. On December 24, 2008, the plaintiff filed a motion to amend the Court's November 26, 2008 order. Although the plaintiff does not clearly articulate the relief that she is seeking, she apparently wants clarification that her District of Columbia law claims were dismissed without prejudice, a reinstatement of her D.C. law claims without the necessity of a filing fee, and for the Court to prevent the District of Columbia from asserting a statute of limitations defense. (Mot. [56] at 3, 5,6.) The Court will clarify its order to reflect that the plaintiff's District of Columbia law claims were dismissed without prejudice; however, all other relief that the plaintiff requests will be denied.

## II.     ANALYSIS

Plaintiff is correct that the Court's memorandum opinion properly reflects that her D.C. law claims were dismissed without prejudice. The Court stated in its Memorandum Opinion: "Plaintiff also claims that the District of Columbia and DOC are liable for the common law torts of intentional infliction of emotional distress and negligent supervision . . . As this Court has dismissed the claims arising under federal law . . . all claims against the District of Columbia and DOC shall be dismissed without prejudice." (Mem. Op. [51] at 11.)

Indeed, this ruling was correct. "[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon University*

---

[1] Claims under District of Columbia law are sometimes referred to as "state law" claims even though the District of Columbia is not a state.

*v. Cohill*, 484 U.S. 343, 350 (1988).  Accordingly, although the order does not specifically reflect that the District of Columbia law claims were dismissed without prejudice, plaintiff is correct that they were under the Court's decision, and the order will be clarified to reflect that fact.

Plaintiff apparently argues that her claims should not have been dismissed because diversity jurisdiction exists, and therefore that the D.C. law claims should be reinstated.  Plaintiff argues that her second amended complaint relates back to her original complaint, which included her Maryland address, and that the Court should have inferred from that address that diversity jurisdiction exists.  Plaintiff's claim is rejected for two reasons.  First, the basis for jurisdiction in the second amended complaint did not "relate back" to the basis for jurisdiction in the original complaint.  The general rule is that an amended complaint supersedes and replaces an original complaint unless the amendment specifically refers to or adopts an earlier pleading.  *Eubanks v. Parker County Com'rs Court*, 44 F.3d 1004 (5th Cir. 1995); *Davis v. Mukasey*, No. 08-452, 2008 WL 5227176, at *1 (D.D.C. Dec. 11, 2008) (Kollar-Kotelly, J.).  In this case, while the plaintiff incorporated "all allegations" made in her original complaint, she did not incorporate the jurisdictional basis for her suit, and, in fact, asserted federal question and supplemental jurisdiction, but not diversity jurisdiction in her amended complaint.  (Am. Compl. [7] at ¶ 1–2.)

More importantly, however, is the fact that even if the Court were to consider the plaintiff's address listing in Maryland, this would not give rise to diversity jurisdiction.  As pointed out by the defendants, the District of Columbia is not considered a "citizen" of a state, and thus cannot be sued under the diversity statute in federal court.  *Long v. District of Columbia*, 820 F.2d 409, 413 (D.C. Cir. 1987).  If a jurisdictional basis exists for her D.C. law claims in federal court, the plaintiff has not made it apparent, and, because the burden is on the

3

plaintiff to establish jurisdiction, the claims against the District of Columbia and the Director of the DOC were properly dismissed. Fed. R Civ. P. 12(h)(3).

Instead of diversity jurisdiction, the plaintiff could have made a better argument that the Court should have exercised supplemental jurisdiction over the District of Columbia law claims. *See* 28 U.S.C. § 1367(a). However, the plaintiff did not make this argument. Moreover, because the federal claims were dismissed at an early stage in the proceedings, the Court properly declined to exercise supplemental jurisdiction over the District of Columbia claims. *Carnegie-Mellon Univ.*, 484 U.S. at 250; 28 U.S.C. § 1367(c)(3). The plaintiff's argument for reinstatement of her claims will be rejected.

Because the D.C. law claims against the District of Columbia and the Director of the Department of Corrections were properly dismissed without prejudice, the Court has no occasion to address the plaintiff's statute of limitations argument. Nor does the Court see the relevance of the plaintiff's claim that the District defied the local rules by moving to vacate an entry of default with a motion to dismiss instead of a verified answer.[2]

### III.   CONCLUSION

Plaintiff's motion to amend the Court's November 26, 2008 order will be granted to the extent that it seeks clarification. Plaintiff's claims against the District of Columbia and the Director of the Department of Corrections under District of Columbia law were dismissed

---

[2]Even if the Court were to address this argument, "[c]ourts routinely allow defendants to file a motion to dismiss in place of an answer despite an entry of default, and this Court is unaware of any decision in which the court has struck a motion to dismiss following an entry of defualt because the motion to vacate the default was filed without an answer." *Owens v. Republic of Sudan*, 374 F. Supp. 2d 1, 9 (D.D.C. 2005) (Bates, J.).

without prejudice, as stated in the memorandum opinion. This Court properly dismissed those claims for lack of jurisdiction, and any further pursuit of those claims in this Court would require the plaintiff to meet this Court's jurisdictional requirements and refile her claims. Any other arguments that go to the underlying suit, such as statute of limitations arguments, would properly be addressed by a court with proper jurisdiction over the underlying claims. A separate order shall issue this date.

    SO ORDERED.

    Signed by Chief Judge Royce C. Lamberth on August 18, 2009.