UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
                                    )
LAVERNA SIMMS,                      )
    Plaintiff,                       )
                                    )
    v.                               )    Civil Action No. 06-2178 (RCL)
                                    )
CENTER FOR CORRECTIONAL             )
HEALTH AND POLICY STUDIES,          )
    Defendant.                       )
                                    )
_____)

## MEMORANDUM AND ORDER

Before the Court are the following discovery motions:

- Defendant's Motion to Compel [88], the opposition thereto [90], and the reply brief [92];

- Plaintiff's Motion to Compel the Deposition of CCHPS' Board Members, Discovery, and Sanctions [90, 91], the opposition thereto [93], and the lack of reply brief; and

- Defendant's Motion to Stay the Dispositive Briefing Schedule [89], and the lack of any opposition thereto.

The Court will address the motions in turn. The Court denies the parties' request [96] in their Joint Statement to the Court filed on January 14, 2011, to stay these pending motions.

### I. DISCUSSION

#### A. Defendant's Motion to Compel [88]

Defendant Center for Correctional Health and Policy Studies ("CCHPS") moves for three things: (1) to compel plaintiff's deposition, (2) for sanctions associated with the motion to

1

compel plaintiff's deposition, and (3) to compel responsive documents requested by defendant. ([88] at 1.)

### *1. Motion to Compel Plaintiff's Deposition and for Sanctions*

Defendant moves first to compel the deposition of plaintiff LaVerna Simms. On November 8, 2010, plaintiff's counsel sent defendant's counsel an e-mail stating: "I and Ms. Simms are available after 1:30 p.m. to have her deposition taken on November 15, 2010." ([88-1] at 15.) Later that day, defendant's counsel replied to the e-mail, stating "1:30 p.m. on the 15th of November works for Ms. Simm's deposition." (*Id.*) Defendant's counsel attached to her e-mail a Second Amended Notice of Deposition. (*Id.* at 16–17.) This Notice stated that "the deposition will commence on November 15, 2010, at 1:30 p.m. at the offices of [defendant's counsel]." (*Id.*) Plaintiff's counsel did not reply further to this chain of e-mails. On November 9, plaintiff's counsel sent defendant's counsel a letter, initially stating: "I tried emailing you a second time today to object to your recent Amended Notice of Deposition but was unable to do so because my AOL email account began having problems. I am not able to email for some reason, which is why I am sending this letter." ([90-2] at 1.) Plaintiff's counsel then states:

> Simms objects to your amended notice of deposition for two reasons. First in your rush to execute an Amended Notice of Deposition you failed to contact me to discuss an actual time for the deposition. In my November 8, 2010, email I did not say I was available <u>at</u> 1:30 p.m. but <u>after</u> 1:30 p.m. I have another matter scheduled in the morning on that date. Secondly, I would not be available until probably after 2:00 p.m., and that is only if the matter has finished. Thirdly, at the conclusion of the morning matter, I would then have to travel at least an hour to get to your office, which would put the deposition of Ms. Simms to begin at around 3:00 p.m. If you want to start the deposition that late you can but I can only stay until 5:30 p.m. because I care for an elderly parent and must be at their home by 6:30 p.m.

(*Id.* (emphasis in original).) Defendant's counsel states that she never received this letter, and she saw it for the first time as an exhibit to plaintiff's opposition to this motion. ([92] at 1.) Defendant's counsel further states: "On November 15, 2010, at 1:30 p.m., undersigned counsel

2

and a court reporter from Gore reporters were present and prepared to take plaintiff's deposition. By 2:00 p.m., neither plaintiff nor her counsel had appeared." ([88] at 2.)

Plaintiff failed to appear for her properly noticed deposition. "The court where the action is pending may, on motion, order sanctions if a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Based on the conduct in this case, the Court could issue sanctions against plaintiff. Plaintiff acknowledges receiving the Amended Notice of Deposition, and defendant gave reasonable notice to plaintiff. D.D.C. LCvR 30.1. The parties agree that plaintiff did not appear for her deposition. Further, plaintiff's letter noting her objections to the Amended Notice of Deposition did not excuse her from appearing. "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Plaintiff never filed a motion for protective order regarding this deposition.

Before the Court can award sanctions, however, the Court must find that the movant complied with its certification requirements. "A motion for sanctions for failing to appear . . . must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). Defendant states in its motion: "To date, undersigned counsel has not received any communication from plaintiff's counsel regarding her and plaintiff's absence. Accordingly, undersigned counsel certifies that she has made effort to seek plaintiff's cooperation with supplemental discovery production and the taking of her deposition without the Court's intervention." ([88] at 2.) Although defendant technically makes the certification required by Rule 37(d)(1)(B), the Court questions its good faith and attempt to confer with

3

plaintiff. Defendant simply states that it did not hear anything from plaintiff. But that is not what the Rule requires. The Rule requires that defendant affirmatively reach out to plaintiff to try to resolve the issue. Defendant has not shown that it reached out to plaintiff to discuss this issue. Further, if defendant truly had attempted to resolve this issue with plaintiff, then plaintiff's counsel would have likely discussed the letter that she sent to defendant's counsel. Because defendant said it did not even know about this letter until plaintiff opposed this motion, the Court questions defendant's certification of a good faith attempt to confer with plaintiff.

Because the Court finds that defendant did not make a good faith attempt to confer with plaintiff before filing this motion to compel, the Court will deny defendant's request for sanctions. Thus, the Court will not issue any of the orders listed in Rule 37(b)(2)(A)(i)–(vi). *See* Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)."). Nor will the Court order plaintiff to pay reasonable expenses caused by the failure, as payment of expenses also constitutes sanctions. *See id.* The Court will, however, reopen discovery for the purpose of deposing plaintiff. Defendant was prepared to depose plaintiff before the close of discovery, but plaintiff's failure to appear for that deposition made the timing of that deposition impossible.

Accordingly, the Court will grant defendant's motion to compel plaintiff's deposition, and will deny defendant's motion for sanctions.

### *2. Motion to Compel Responsive Documents*

Defendant next moves to compel "responsive documents requested by CCHPS." ([88] at 1.) Based on defendant's letter to plaintiff, the Court assumes that defendant is requesting documents responsive to defendant's discovery requests 1–8, 13–16, 18, 21, and 22. ([88-1] at 1.) In response to these discovery requests, plaintiff states several objections, but also states that

she will produce some of the documents for inspection and copying at plaintiff's counsel's office, and states that she will produce some of the documents once the parties sign and enter a Confidentiality Agreement/Protective Order. ([88-1] at 2–14.) Plaintiff informed defendant "that it could inspect, review and copy [plaintiff's] documents but at its own expense because in order for Simms to copy the documents it would cost her over $300.00 dollars to do so and she was unwilling to bear that expense." ([90] at 3 n.2.)

This motion to compel thus raises three issues: (1) whether plaintiff complied with her discovery obligations by allowing defendant to inspect and copy the documents at plaintiff's counsel's office, (2) whether plaintiff complied with her discovery obligations by shifting the cost of production to defendant, and (3) whether the Court will compel plaintiff to turn over documents subject to a Protective Order.

First, the Court finds that plaintiff has complied with her document production obligations by allowing defendant to inspect and copy the documents at plaintiff's counsel's office. The Federal Rules provide: "A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents . . . ." Fed. R. Civ. P. 34(a)(1). The plain language of the Rule thus allows a party to fulfill its production obligations by "permit[ting] the requesting party . . . to . . . copy . . . any designated documents."

Second, the Court finds that plaintiff has complied with her discovery obligations by shifting the cost of production to defendant. The Court finds that defendant must pay for the cost of responding to defendant's document production request, which includes paying for any copies of documents. The Supreme Court has held:

> Under [the discovery] rules, the presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from "undue burden or expense" in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery.

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978); *see also Peskoff v. Faber*, 251 F.R.D. 59, 61 (D.D.C. 2008). Thus, the Court has discretion "to shift all or part of the costs of production to the requesting party" when necessary to "protect the responding party from undue burden or expense." *Peskoff*, 251 F.R.D. at 61; *see also* Fed. R. Civ. P. 34(a) advisory committee's note on 1970 amendment ("The burden thus placed on respondent will vary from case to case, and the courts have ample power under Rule 26(c) to protect respondent against undue burden or expense, either by restricting discovery or requiring that the discovery party pay costs."). The presumption, therefore, is that plaintiff—the responding party—must pay for production. But plaintiff has rebutted that presumption by showing that this cost would be an undue burden on her.

Rule 26(b)(2)(C)(iii) sets out the standard for what constitutes an "undue burden." That Rule provides:

> [T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

In finding that plaintiff has rebutted the presumption, the Court relies on the factor of the parties' resources. Plaintiff has explained that copying the responsive documents would cost her $300, ([90] at 3 n.2,) and that she "has no financial ability of spending hundreds of dollars copying documents for CCHPS," ([90-2] at 2). Because plaintiff does not have the ability to pay to copy the responsive documents, this cost would be an undue burden on her.

6

Third, plaintiff objects to producing some documents until there is a Protective Order in place. Now that there is a consent Protective Order in place [97], the Court assumes that these objections are moot. Thus, the Court will compel plaintiff to produce those documents. As discussed above, plaintiff will have "produced" these documents if she makes them available for defendant to copy at defendant's expense.

If defendant wishes to compel its requests for production on any grounds not discussed above, then it must specifically discuss those grounds and its argument in support of that motion to compel.

Accordingly, the Court will deny defendant's motion to compel with respect to document production requests to which plaintiff responded that the materials were available for copying and inspection at plaintiff's counsel's office at defendant's expense. The Court will grant plaintiff's motion to compel with respect to document production requests subject to the Protective Order.

### B. Plaintiff's Motion to Compel the Deposition of CCHPS' Board Members, Discovery, and Sanctions [91]

Plaintiff moves to compel: (1) "Defendants CCHPS' Board of Directors to stand for their deposition," (2) "for CCHPS to produce certain documents," and (3) "to answer interrogatories that Plaintiff has requested in this matter." ([90] at 1.) She also moves for fees associated with filing her motion. ([90] at 9.)

### 1. *Motion to Compel CCHPS' Board of Directors' Depositions*

Defendant states: "In October 2010, plaintiff noticed former board members Gwen Sinclair, Vali Zahariem and Dr. Shansky. Plaintiff also noticed for deposition a former employee, Jacqueline Bacchus." ([93] at 2.) Defendant further states that these are the only witnesses that plaintiff has noticed for depositions. (*Id.*)

7

Defendant states that CCHPS ceased operations in 2006 and dissolved in about 2007. (*Id.* at 1.) The named potential witnesses are therefore no longer "parties" to the action, because they no longer serve on CCHPS's board of directors. To compel these non-party witnesses to testify, therefore, plaintiff must subpoena them to testify. She cannot rely on a notice of deposition to compel them to testify. *See Ginsberg v. Gov't Prop. Trust, Inc.*, Civ. No. 07-365, 2008 WL 558039, at *1 (S.D.N.Y. Feb. 29, 2008); *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994). Federal Rule of Civil Procedure 30(b)(6) provides that a party can notice a deposition of an organization, and the "organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Rule 32(a)(3), titled "Using Depositions in Court Proceedings," clarifies that this designee, "*when deposed*," must be the organization's "officer, director, managing agent, or designee." Fed. R. Civ. P. 32(a)(3) (emphasis added). Thus, generally, a party cannot notice a deposition of a former director or employee under Rule 30(b)(6). *But see Afram Lines*, 159 F.R.D. at 413–15 (holding that a former employee may be subject to notice of deposition when he acts on behalf of and has control over the organization, based on five listed factors); *see also Founding Church of Scientology of Washington, DC, Inc. v. Webster*, 802 F.2d 1448, 1455–57 (D.C. Cir. 1986) (discussing the circumstances in which someone is a "managing agent" of an organization). If plaintiff wishes to compel specific witnesses to testify, therefore, she must subpoena them pursuant to Federal Rules of Civil Procedure 30(a)(1) and 45. If she wishes to compel the testimony of a non-party witness who lives in Illinois, as she has indicated she might wish to in this case, she must request a subpoena with the appropriate court in that district.

Plaintiff may also serve a 30(b)(6) notice of deposition on CCHPS. "Capacity to sue or be sued is determined as follows: . . . for a corporation, by the law under which it was organized."

Fed. R. Civ. P. 17(b)(2). This means that "state corporate law determines the suability of a dissolved corporation." *Ripalda v. Am. Operations Corp.*, 977 F.2d 1464, 1468 (D.C. Cir. 1992). Defendant CCHPS is a District of Columbia corporation. ([93] at 1.) D.C. law provides: "Any such dissolved corporation may be sued by its corporate name for or upon any cause of action accrued or which, but for such dissolution, would have accrued against it in the same manner and *with the like effect as if it were not dissolved.*" D.C. Code 29-221.18 (emphasis added). Thus, plaintiff may serve a 30(b)(6) notice of deposition on a dissolved corporation in the same way that she could serve a 30(b)(6) notice on an existing corporation. If she serves that notice, and describes "with reasonable particularity the matters for examination," then defendant has an obligation to "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated must testify." Fed. R. Civ. P. 30(b)(6). Rule 30(b)(6) bestows four basic duties upon a deponent:

> First, the deponent has the duty of being knowledgeable on the subject matter identified as the area of inquiry. Second, a deponent is under a duty to designate more than one deponent if it necessary to do so in order to respond to the relevant areas of inquiry that are specified with reasonable particularity by the plaintiff. [Third], the designating party has a duty to prepare the witness to testify on matters not only known by the deponent, but those that should be reasonably known by the designating party. Fourth, the designating party has a duty to substitute an appropriate deponent when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry.

*Myrdal v. District of Columbia*, 248 F.R.D. 315, 317 (D.D.C. 2008) (citations omitted) (Lamberth, J.).

Plaintiff has neither requested any subpoenas nor served a 30(b)(6) notice of deposition on defendant. Thus, there is nothing for the Court to compel.

Accordingly, the Court will deny this motion to compel depositions without prejudice.

### 2. *Motion to Compel Certain Documents*

Based on defendant's opposition, it appears that defendant only objects to producing the responsive documents without a Protective Order in place. Now that there is a consent Protective Order in place [97], the Court assumes that these objections are moot. Thus, the Court will compel defendant to produce those documents.

Accordingly, the Court will grant this motion to compel certain documents.

### 3. *Motion to Compel Answers to Interrogatories*

Plaintiff moves to compel defendant's responses to interrogatories 1, 2, 4–11, and 14–24. ([90] at 7.) By letter dated September 7, 2010, plaintiff set out her objections to defendant's answers to her interrogatories. ([90-1] at 2–3.) By letter dated October 21, 2010, defendant provided supplemental responses to plaintiff's interrogatories. ([88-1] at 20–30.) Plaintiff reincorporated her original objections in her motion. ([90] at 7–8.) But defendant's supplemental responses appear to have resolved many of plaintiff's original objections. If plaintiff wishes to compel her requests for responses on any grounds not resolved by defendant's supplemental responses, then she must specifically discuss those grounds and her argument in support of that motion to compel.

Accordingly, the Court will deny this motion to compel answers to interrogatories without prejudice.

### 4. *Motion for Fees Associated with Filing this Motion*

Plaintiff moves for fees associated with filing her motion. ([90] at 9.) Presumably, she makes this request pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). This Rule provides that if the Court grants or grants in part the motion, the Court must require the non-moving party to pay the moving party's reasonable expenses incurred in making the motion. *See* Fed. R. civ. P. 37(a)(5)(A), (C). But it also provides that the court "must not order this payment if . . . the

opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). The Court finds that defendant's nondisclosure was substantially justified as to the only part of this motion that the Court granted—the motion to compel certain documents. Defendant withheld them because there was not yet a Protective Order in place.

Accordingly, the Court will deny this motion for fees associated with filing her motion.

### C. Defendant's Motion to Stay the Dispositive Briefing Schedule [89]

The Court's June 29, 2010, scheduling order [85] provides the following deadlines: all discovery shall be completed by October 26, 2010; dispositive motions due December 1, 2010; oppositions to dispositive motions due February 1, 2011; replies to oppositions to dispositive motions due March 1, 2011. The Court granted plaintiff's motion [87] and defendant's motion [86] for extension of time to complete discovery by two minute orders on November 4, 2010. Both motions requested that discovery be extended until November 15. Thus, these minute orders extended discovery until November 15, 2010, and did not modify any other deadlines.

To accommodate the Court's rulings discussed above, the Court will briefly reopen discovery and extend the deadlines for filing dispositive motions, as set out below. The Court will not, however, extend deadlines as far as the parties request in their statement to the Court [96], or stay the dispositive briefing schedule any further.

Accordingly, the Court will grant in part and deny in part the motion *nunc pro tunc*.

## II. CONCLUSION

For the reasons stated, it is hereby

ORDERED that Defendant's Motion to Compel [88] is GRANTED IN PART AND DENIED IN PART. Specifically, it is

(1) ORDERED that defendant's motion to compel plaintiff's deposition is GRANTED; and it is furthermore

(2) ORDERED that defendant's motion for sanctions is DENIED; and it is furthermore

(3) ORDERED that defendant's motion to compel document production requests to which plaintiff responded that the materials were available for copying and inspection at plaintiff's counsel's office at defendant's expense is DENIED; and it is furthermore

(4) ORDERED that defendant's motion to compel document productions requests subject to the Protective Order is GRANTED. It is furthermore

ORDERED that Plaintiff's Motion to Compel the Deposition of CCHPS' Board Members, Discovery, and Sanctions [90, 91] is GRANTED IN PART AND DENIED IN PART. Specifically, it is

(1) ORDERED that plaintiff's motion to compel CCHPS' Board of Directors' depositions is DENIED WITHOUT PREJUDICE; and it is furthermore

(2) ORDERED that that plaintiff's motion to compel document productions requests subject to the Protective Order is GRANTED; and it is furthermore

(3) ORDERED that plaintiff's motion to compel answers to interrogatories is DENIED WITHOUT PREJUDICE; and it is furthermore

(4) ORDERED that plaintiff's motion for fees associated with filing her motion is DENIED. It is furthermore

ORDERED that Defendant's Motion to Stay the Dispositive Briefing Schedule [89] is GRANTED IN PART AND DENIED IN PART *nunc pro tunc*; and it is furthermore

ORDERED that the scheduling order is modified as follows:

The parties shall complete the following on or before the dates prescribed:

Limited Fact Discovery—February 15, 2011;

Dispositive Motions—March 4, 2011;

Oppositions to Dispositive Motions—March 21, 2011;

Replies to Oppositions to Dispositive Motions—March 28, 2011. It is furthermore

ORDERED that fact discovery is only reopened for the limited purposes of:

(1) Permitting defendant to depose plaintiff LaVerna Simms;

(2) Permitting the parties to produce documents responsive to prior document production requests, as detailed in this opinion;

(3) Permitting plaintiff to depose former Directors or corporate representatives of CCHPS, as detailed in this opinion;

(4) Permitting plaintiff to re-file a motion to compel answers to interrogatories, if necessary, as detailed in this opinion.

In light of the age of this case, the Court does not expect to extend any further deadlines.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on January 19, 2011.